REGINALD W. RUSSELL *vs.* WALTER C. NADEAU.

GRACE RUSSELL *vs.* WALTER C. NADEAU.

Penobscot.    Opinion, January 13, 1943.

*A. M. Rudman,*

*E. Donald Finnegan,* for the plaintiffs.

*B. W. Blanchard,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

STURGIS, C. J. In the evening of November 26, 1940, a large hook and ladder fire truck belonging to the City of Bangor and driven by the defendant Walter C. Nadeau, one of its regular firemen, collided with an automobile owned and operated by the plaintiff Reginald W. Russell in which his wife, the plaintiff Grace Russell, was riding as a guest passenger. In these actions of negligence based on this collision and tried together the verdicts were against the defendant. The cases come forward on his general motions for new trials.

The collision took place in or just beyond the intersection of Union and Main Streets in Bangor. The fire truck, answering a still alarm, had started up Union Street, and although as it reached Main Street the automatic light there regulating traffic showed red for a stop the driver disregarded the signal and proceeded at a moderate rate of speed through the intersection. The plaintiffs, the Russells, the husband driving, were coming up Main Street in his car and having a green light signal to go he started into the intersection, saw the fire truck almost upon them and in an attempt to avoid a collision swung his automobile sharply to the right around into and up Union Street and stopped against the curb. The fire truck hit the automobile however, damaged it and the plaintiff Grace Russell was injured by the impact.

In this jurisdiction fire apparatus and other enumerated emergency vehicles when operated in response to calls have the right of way in the streets and other public ways and on

their approach it is the duty of the driver of every other vehicle to immediately draw it as near as practicable to and parallel with the right hand curb and stop until the public service vehicle has passed. R. S., Chap. 29, Sec. 13. And in answering emergency calls a fire department vehicle, having the right of way, is exempt from the operation of traffic regulations. This rule with particular reference to statutory provisions as to speed limitations was adopted in *McCarthy* v. *Mason,* 132 Me., 347, 171 A., 256. Reason and authority dictate that the exemption should be extended to regulations controlling the movement of traffic by signal lights or other means or devices. *Leete* v. *Griswold Post,* 114 Conn., 400, 158 A., 949; *Ferraro* v. *Earle et al,* 105 Vt., 243, 164 A., 886.

The right of way given to public service vehicles and their exemption from traffic regulations, however, do not relieve their operators from the duty of exercising due care to prevent injury to themselves and others lawfully upon the ways. Although it is generally recognized that firemen driving to a fire, when the safety of lives and property are at stake, are in many instances duty bound to proceed at a rate of speed greater than that which any ordinary driver could justify and cannot be required to stop for red lights or other traffic signals, they must include in the care they are bound to exercise reasonable precautions against the extraordinary dangers of the situation which duty compels them to create. They must keep in mind the speed at which their vehicle is traveling and the probable consequences of their disregard of traffic signals and while they have a right to assume in the first instance that the operators of other vehicles will respect their right of way at an intersection they are warned by a red light flashing against them that other vehicles on the intersecting way are invited to proceed by a green light and may do so. Even if the driver of the other vehicle through negligence disregards their right of way they must still use due care to avoid a collision. The measure of their responsibility is due care under all the circumstances. *McCarthy* v. *Mason,* supra; *Ferraro* v. *Earle et al,*

supra; *Balthasar* v. *Pacific Elec. Ry. Co.*, 187 Cal., 302, 202 P., 37, 19 A. L. R., 452; *Farrell* v. *Fire Ins. Salvage Corps,* 179 N. Y. S., 477, 189 App. Div., 795; *Waddell* v. *City of Williamson,* 98 W. Va., 547, 127 S. E., 396; *Hanlon* v. *Milwaukee Electric Ry. & Light Co.,* 118 Wis., 210, 95 N. W., 100; 5 *American Jurisprudence* 666 et seq.; 42 *Corpus Juris* 1027 and cases cited.

As to the statutory duty of the driver of every other vehicle to immediately draw it to the right hand curb and stop until a public service vehicle responding to a call has passed, we approve the rule that to impose upon such a driver the duty of yielding the right of way he must know or in the exercise of ordinary prudence should have known that a public service vehicle was approaching in response to a call and he must have a reasonable opportunity to draw to the curb and stop. *Balthasar* v. *Pacific Elec. Ry. Co.,* 187 Cal., 302, 202 P., 37; 5 *American Jurisprudence* 666. Regardless of the statute, however, he must make use of his senses, hear and see that which in the exercise of reasonable care ought to be heard and seen and in all ways exercise that degree of care which an ordinarily prudent person would use under similar circumstances. At an intersection a green light favoring his advance does not warrant him in proceeding regardless of conditions or consequences. If a favored vehicle has the right of way regardless of the light and he may be charged with knowledge of its approach he must yield the right to advance given him by the light. In no event may he proceed without due regard for the safety of others lawfully on the way. Common law rules applicable to negligence are not abrogated by regulations establishing traffic control by lights or otherwise.

An examination of the transcript in this case discloses that upon conflicting evidence the jury were warranted in finding that at the time this collision took place the bell or gong on the fire truck had not been rung, no sirens or other alarms were being sounded in the streets and in the glare of headlights it not being clearly apparent, until it was close at hand, that a fire

department vehicle was approaching, the plaintiffs Reginald W. and Grace Russell were not chargeable with knowledge that a public service vehicle was approaching in response to a call or have a reasonable opportunity to yield the right of way, and were not guilty of contributory negligence in failing to more promptly turn their vehicle to the curb and stop or by other means avoid a collision. That the jury made these findings is indicated by their verdicts. We find no ground in fact or law for holding that the jury were manifestly wrong in reaching the conclusion that the plaintiffs exercised due care under all the circumstances.

It is clearly apparent, however, that the defendant Walter C. Nadeau did not exercise that degree of care in the operation of his fire truck which is required of the driver of fire apparatus when responding to a call and his negligence was a proximate cause of the collision from which these actions arise. He says that he shifted into second gear at the cross walk at the entrance to the intersection of Union and Main Streets, looked down to the right and not seeing any traffic approaching from that direction forged ahead. He admits that it was not until his companion shouted a warning that he noticed that the plaintiffs and their car were almost, if not actually, in front of the fire truck and then although he applied the brakes and swung to the left the vehicles were so close together a collision was inevitable. We are convinced that if he had looked down Main Street when his view was clear of obstructions he could not have failed to have seen the approaching automobile, realized that it was advancing on a green light and might not yield the right of way, and by the exercise of reasonable care in the operation of his fire truck in the situation which he in part had created, could have avoided a collision. Apparently he drove through the intersection in blind reliance upon his right of way under the statute and with little if any regard for the safety of other travelers upon the streets. This was negligence for the results of which, on a finding that the plaintiffs themselves were in the exercise of due care, the jury properly award-

ed damages. The mandate in each of these cases therefore must be

*Motion overruled.*