232 P.2d 694

TIEDEBOHL et al. v. SPRINGER et al.

No. 5349.

Supreme Court of New Mexico.

June 12, 1951.

Rehearing Denied July 5, 1951.

Waldo H. Rogers, Hugh R. Horne, Albuquerque, for appellants.

W. A. Keleher, Irwin S. Moise and Lewis R. Sutin, all of Albuquerque, for appellees.

LUJAN, Chief Justice.

This is an action for personal injuries sustained when the automobile operated by the plaintiff Irene C. Tiedebohl, was struck by a motorized pumper fire truck of defendant City of Albuquerque at the intersection of Central and Yale Avenues in Albuquerque, and for damages to their car. A judgment was entered for plaintiffs on the verdict of the jury and defendants appeal.

The record substantially discloses that on March 4, 1948, at about 12:30 in the afternoon Lucius L. Springer an employee of the city drove one of its fire trucks in an easterly direction on Central Avenue in response to a call for an inhalator to be delivered to 524 North Hermosa Avenue. He was traveling at the rate of forty miles per hour but when he was about fifty feet from the intersection at Yale Avenue he saw the plaintiff's car entering the intersection of Yale and Central Avenues and then began to apply the brakes on the truck. However, when he reached the center of the intersection he ran into the back end of plaintiff's car which was traveling in a northerly direction. A traffic control signal hangs in the middle of the intersection and the plaintiff, Irene C. Tiedebohl, was in the act of crossing it in obedience to the green light which was turned on in her favor. There was testimony that the siren on the fire truck was being sounded and that the red lights were burning on the vehicle. Both the plaintiff and her sister testified that they did not hear the siren.

At the close of the plaintiff's case the defendants moved the court for a directed verdict in the following words:

"Mr. Rogers: The plaintiffs having rested, the defendants, and each of them, move the Court for a directed verdict on the issues of this case in favor of the defend-.

ants, and each of them, for the following grounds:

"(1) That Section 68–509, N.M.S.A. 1941, in effect, exempts from the speed limits fire department or fire patrol vehicles when traveling in response to a fire alarm, and licensed physicians or public ambulances when traveling in emergencies, and that the said statute is applicable in this case inasmuch as from the pleadings and evidence adduced it develops that the instant vehicle was carrying an inhalator on emergency call to a home in the northeastern part of Albuquerque, New Mexico, and was by so doing a public ambulance within the purview of that section, and further, that it was a fire department or fire patrol vehicle within the purview of that section.

"(2) That Section 68–519, N.M.S.A. 1941, provides exceptions to the right-of-way rule. In effect, it exempts and excepts therefrom the instant vehicle, in that it provides as follows: 'The driver of a vehicle upon the highway shall yield the right of way to police and fire department vehicles when the latter are operated upon official business and the drivers thereof sound audible signal by bell, siren or exhaust whistle.' And that, under the undisputed facts herein, defendants' vehicle and the driver thereof had the right-of-way.

"(3) That it affirmatively appears, from the evidence as adduced herein, that the plaintiffs are barred from recovery, if it be ruled the defendants were negligent, in that the plaintiff Irene Tiedobohl was guilty of contributory negligence by reason of violation of Section 68–520 which provides, in effect: That upon the approach of any police or fire department vehicle giving audible signal by bell, siren, or exhaust whistle, the driver of every other vehicle shall immediately drive the same to a position as near as possible parallel to the righthand edge or curb of the highway clear of any intersection of highways, and shall stop and remain in such position unless otherwise directed by police or traffic official until the police or fire department vehicle shall have passed.

"(4) And on the further ground that there is no evidence establishing or tending to establish any gross negligence in reckless disregard of the safety of others, or any arbitrary exercise of the right-of-way, as against either of the defendants herein."

Thus, it will be observed that the city seriously contends that in making the run to deliver an inhalator in a pump fire truck its firemen were acting within the exemptions given operators of such trucks by the Motor Vehicle Law and that under the circumstances here appearing it must be held, as a matter of law, that the city was not liable. Such contention is unsound.

Section 68–509, so far as pertinent here, provides that fire department or fire

patrol vehicles when traveling *in response to fire alarm* shall be exempt from the provisions of the act; also that the driver of such vehicle shall not be protected from the consequences of a reckless disregard of the safety of others.

There is nothing ambiguous about the language employed in this section of the law and the intent of the legislature is clearly pronounced therein. The exemption claimed by the defendants is allowed only when the fire department vehicle is driven in response to a fire alarm and not otherwise. To give it the interpretation suggested by the defendants would destroy the spirit in which it was written for the reason that it would increase the hazards to the traveling public. Thus, the fire department could find many additional curricular activities in which to engage apart from fire runs. Clearly, an inhalator run made by the fire department is not within the spirit of a run made in response to a fire alarm.

■ The defendants further contend that a municipal fire department vehicle responding to a request for an inhalator is a public ambulance traveling in an emergency within the purview of the above statute. It would distort the plain meaning of the statute to hold that a fire truck can become an ambulance by the simple process of loading and carrying an inhalator thereon. Bouvier's Law Dictionary (3rd Ed.) Volume 1, p. 186, defines an ambulance as "a vehicle for the conveyance of the sick and wounded." The author of Words and Phrases in Volume 3, page 315, says: "An ambulance is a wheeled vehicle, used for the purpose of conveying sick or wounded persons." We are of the opinion, and so hold, that the use of the fire truck to convey an inhalator to a sick person did not change the status of the truck and thereby make it an ambulance so as to bring it within the language of the statute.

Defendants also contend that they had the right-of-way under the provision of Section 68–519, supra, which reads as follows: (5) "The driver of a vehicle upon a highway shall yield the right of way to police and fire department vehicles when the latter are operated upon official business and the drivers thereof sound audible signal by bell, siren or exhaust whistle."

■ Even if it could be said that a fire truck used to deliver an inhalator is an ambulance, which we have decided it is not, nevertheless it would not have the right of way given to fire department vehicles on official business, since public or private ambulances are not mentioned in the provision herein referred to. The words *"official business"* are ordinary ones, and under the rule they receive the interpretation, in the absence of something to the contrary, that is usually understood by people generally in using them. To the

average mind the words convey and would be understood as including all the activities of the person in the discharge of his official duties, which are always expressly prescribed by statute, or necessarily inferred from express provisions. The only official business designated by the legislature is that of responding to a fire alarm, or police call.

The defendants also contend that the verdict of the jury is erroneous for the reason that plaintiffs were barred from recovery on account of the contributory negligence of the plaintiff, Irene Tiedebohl, in not keeping a proper lookout, proper control of her vehicle, and in not complying with the provisions of Section 68–520, which provides as follows: "(a) Upon the approach of any police or fire department vehicle giving audible signal by bell, siren or exhaust whistle, the driver of every other vehicle shall immediately drive the same to a position as near as possible and parallel to the right hand edge or curb of the highway, clear of any intersection of highways, and shall stop and remain in such position unless otherwise directed by a police or traffic officer until the police or fire department vehicle shall have passed."

The evidence fully justified the finding by the jury that she was not contributorily negligent. She did what the ordinary and prudent operator of an automobile would have done in approaching the intersection. She stopped in obedience to the red light. When the green light turned on, she waited until the east and west traffic had come to a stop, and not hearing any siren, then she looked to the left and to the right and saw no obstacle in her immediate pathway so she proceeded to enter the intersection at ten miles per hour.

In applying the provisions of a statute similar to ours the court in Russell v. Nadeau, 139 Me. 286, 29 A.2d 916, 918, said: "As to the statutory duty of the driver of every other vehicle to immediately draw it to the right hand curb and stop until a public service vehicle responding to a call has passed, we approve the rule that to impose upon such a driver the duty of yielding the right of way he must know or in the exercise of ordinary prudence should have known that a public service vehicle was approaching in response to a call and he must have a reasonable opportunity to draw to the curb."

In the instant case there was testimony that the siren on the fire truck was being sounded prior to the time it entered the intersection and collided with the plaintiff's car. The jury, upon proper instructions given it, found that the plaintiff, Irene Tiedebohl, was not negligent in failing to hear the siren and that she exercised due care in the operation of her car.

In Lucas v. City of Los Angeles, 10 Cal.2d 476, 75 P.2d 599, 604, the court said:

"Where there is a dispute as to whether the party injured heard the signal, it is a question of fact to be determined by the jury, but only in so far as that is material to the issue of his contributory negligence."

The plaintiff in obedience to the electric signal attempted to cross the intersection and the consequent exposure of herself to danger in so doing was not contributory negligence as a matter of law.

In Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585, 590, we said: "The question of contributory negligence, as a general rule, does not resolve itself into one of law, but must be submitted to the jury, as a question of fact."

Finally, it is contended that the court erred in submitting an instruction on the last clear chance doctrine, for the following reasons: (1) That it does not correctly state the law of "last clear chance." (2) That the evidence adduced on the trial did not warrant such an issue to the jury; and, (3) that the question was not pleaded by the plaintiff.

The appellant's objection to the instruction given by the court on the subject reads: "Defendants and each of them, object to the giving of Instruction No. 42, on the ground that the same does not properly state the law of last clear chance; and for the further ground that there is no evidence in the record warranting the application of the doctrine of last clear chance; that said instruction is extraneous to the record herein, and will only confuse the jury. There are not facts nor can any facts be adduced from which said instruction can be given."

The objection fairly raises the question of whether there was evidence warranting the submission of such issue. We have carefully examined the record and find there is ample evidence upon which to base the same.

The objection that the instruction does not correctly state the law on such issue is, we believe, too general to warrant a consideration of the question. It amounts to no more than a general exception. It does not point out wherein it is claimed such instruction is erroneous, nor did the defendants tender what they consider a correct instruction on the subject. Childers v. Southern Pacific Co., 20 N.M. 366, 149 P. 307, James v. Hood, 19 N.M. 234, 142 P. 162, State v. Gonzales, 19 N.M. 467, 469, 144 P. 1144, Territory v. Leslie, 15 N.M. 240, 106 P. 378.

We likewise feel the defendants are not entitled to raise the question of the failure of the plaintiff to plead the last clear chance doctrine. It is true they said the issue was "extraneous to the record," but the trial judge could well have believed they were referring to the claimed lack of evidence on the subject. If they were referring to the lack of pleading on the

subject they should have taken the trial judge into their confidence. They may not raise the question here for the first time. Wright v. Schultz, 55 N.M. 261, 231 P.2d 937, and Heirich v. Howe, 50 N.M. 90, 171 P.2d 312.

Finding no reversible error, the judgment will be affirmed.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.