CITY OF KALAMAZOO *v.* PRIEST.

1. AUTOMOBILES—EMERGENCY VEHICLES—RIGHT-OF-WAY—WARNING.
   Under the statute according emergency vehicles the right-of-way, conditioned upon the sounding of an audible signal by siren but expressly requiring that such vehicles be driven with due regard for the safety of others, such due regard is not met merely by the giving of suitable warning (CL 1948, § 256.321[b]).

2. SAME—CONTRIBUTORY NEGLIGENCE—STATUTES—DUTY TO OBSERVE.
   Freedom from negligence by a motorist not only includes his observance of certain speed limits, stopping for certain traffic signals and signs or, under certain circumstances, yielding the right-of-way but also the duty to maintain a reasonable and proper lookout, see what is plainly there to be seen and give it due heed and, before proceeding, from a suitable observation of conditions then and there existing, form a reasonable belief that it is safe to proceed.

3. SAME—FIRE TRUCKS—SPEED—RIGHT-OF-WAY—INTERSECTION WITH THROUGH STREET—CONTRIBUTORY NEGLIGENCE.
   Driving a northbound fire truck at speed of 25 to 30 miles an hour into an intersection in full reliance upon the right to

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur, Automobiles § 294.
[1, 3] Right-of-way of fire apparatus, et cetera, at street or highway intersections. 21 ALR 978; 37 ALR 500; 47 ALR 601.
[1, 3] Liability of emergency vehicle for accident at street or highway intersection as affected by reliance upon or disregard of traffic sign, signal, or marking. 164 ALR 34.

proceed without stopping for the stop sign or the intersecting east-and-west through street but without observing or giving any heed to oncoming traffic on such intersecting through street and seeing defendant's car that was plainly there to be seen constituted contributory negligence as a matter of law and barred city's recovery for damages to its fire truck and, as subrogee under the workmen's compensation act, for injuries to its firemen (CL 1948, §§ 256.310, 256.-321[b], 256.322, 413.15).

Appeal from Kalamazoo; Pugsley (Earl C.), J., presiding. Submitted June 5, 1951. (Docket No. 9, Calendar No. 44,974.) Decided September 5, 1951.

Case by City of Kalamazoo against Riley H. Priest for damages to fire truck in accident at street intersection. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Paulson, Palmer & Tinker,* for plaintiff.

*Howard & Howard,* for defendant.

DETHMERS, J. Plaintiff sued for damages to its fire truck and, as subrogee under the provisions of the workmen's compensation law (CL 1948, § 413.15 [Stat Ann 1950 Rev § 17.189]), for injuries to its firemen, allegedly caused by defendant's negligent operation of his automobile. The trial court directed a verdict for defendant on the ground of contributory negligence on the part of plaintiff's employees in the operation of the fire truck. Plaintiff appeals.

In response to an emergency call a fireman was driving the fire truck north on a nonfavored street, at about noon, on a bright clear day, at 25 to 30 miles per hour, with siren sounding, approaching what he knew to be an intersecting through street, on which defendant was driving his automobile east toward

the intersection. When at a point 25 to 30 feet south of the corner the fireman driver was able to see a block west on the intersecting street. He testified that when he arrived at the intersection he first looked to the west (from which direction defendant was approaching), then to the east and then again to the west, whereupon, for the first time, he saw defendant's automobile, on the west side of the crosswalk, at which time the fire truck was at the south crosswalk; that he immediately stepped on the accelerator to increase speed in an attempt to pass ahead of defendant and avoid the accident. The lieutenant in charge of the detail sat next to the driver on the fire truck. It was a part of his duty to keep a lookout for other cars, but he did not see defendant's automobile at all until the instant when the driver accelerated the speed of the fire truck to avoid the accident. The collision immediately followed.

The trial court held the fireman driver and lieutenant in charge guilty of contributory negligence as a matter of law for failure to maintain a reasonable and proper lookout for traffic approaching on the intersecting through street.

Plaintiff relies on statutory provisions in effect when the accident occurred as follows:

"The driver of a vehicle upon a highway shall yield the right-of-way to ambulances, police and fire department vehicles when the latter are operated upon official business and the drivers thereof sound audible signal by bell, siren or exhaust whistle. This provision shall not operate to relieve the driver of a police or fire department vehicle from the duty to drive with due regard for the safety of all persons using the highway." CL 1948, § 256.321 (b) (Stat Ann § 9.1581[b]).

"The speed limitation set forth in this act shall not apply to vehicles when operated with due regard

for safety under the direction of the police in the chase or apprehension of violators of the law or of persons charged with or suspected of any such violation, nor to fire department or fire patrol vehicles when travelling in response to a fire alarm, nor to public or private ambulances when travelling in emergencies. This exemption shall not however protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others." CL 1948, § 256.310 (Stat Ann § 9.1570).

and, also, on CL 1948, § 256.322 (Stat Ann § 9.1582), requiring other vehicles to stop at the right-hand edge of the highway at the approach of fire trucks, and a city ordinance containing like right-of-way provisions.

It will be noted that the quoted statute, according emergency vehicles the right-of-way, conditions the same upon the sounding of an audible signal by siren, et cetera. In addition, the statute expressly provides that the driver thereof shall not be relieved from the duty to drive with due regard for the safety of others. The statute exempting such driver from speed limits contains a like provision concerning due regard for the safety of others. Plaintiff cites cases such as *Isaacs* v. *City and County of San Francisco,* 73 Cal App2d 621 (167 P2d 221), and *Lucas* v. *City of Los Angeles,* 10 Cal2d 476 (75 P2d 599), for the proposition that the statutory requirement of due regard for the safety of others is met by the giving of suitable warning. Had such been the legislative intent in the enactment of the Michigan statute, which expressly requires the giving of an audible warning as a condition precedent to an emergency vehicle's acquiring the right-of-way, no purpose would have been served by the further express requirement of the statute that such vehicle be driven with due regard for the safety of others.

Plaintiff relies somewhat on *Theisen* v. *Detroit United Railway,* 163 Mich 68. In that case the driver of a fire wagon had observed the approaching car but concluded that he could proceed in safety on the assumption that the operator of the car would obey the ordinance requiring it to stop before entering the crossing. This Court held the question of the driver's contributory negligence under such circumstances to be one of fact for the jury. The instant case is distinguishable in that plaintiff's driver did not make proper observation nor see seasonably what was plainly there to be seen so as to be able to form a reasonable belief as to whether he could proceed into the intersection in safety.

Many duties are imposed upon the drivers of motor vehicles upon public streets and highways. Some result from express statutory requirements to observe certain speed limits, to stop for certain traffic signals and signs, or, under certain circumstances, to yield the right-of-way, violations of which constitute negligence per se. *Garbacz* v. *Grand Trunk Western Railway Company,* 323 Mich 7. Other duties are inherent in the exercise of that due care which connotes freedom from negligence as defined by the courts. Among the latter are the duties to maintain a reasonable and proper lookout, to see what is plainly there to be seen and give it due heed, and, before proceeding, from a suitable observation of conditions then and there existing, to form a reasonable belief that it is safe to proceed. Failure to perform any of these duties has been held, under certain circumstances, to constitute contributory negligence as a matter of law. *MacDonald* v. *Skornia,* 322 Mich 370, and cases therein cited and reviewed. The above-quoted statutes, relied on by plaintiff, by their express terms serve to relieve drivers of emergency vehicles only from those duties imposed on other drivers which

relate to observance of speed limits, heeding traffic signals and stop signs, and the yielding of right-of-way. The language of those statutes contains not the slightest suggestion of a legislative intent to excuse such drivers from the other duties above mentioned. Had the legislature so intended, it would have been easy to so provide in express terms. The very opposite intent is indicated by the singling out of speed limits and right-of-way regulations alone for exemption purposes, and by the requirement in the selfsame statute that such vehicles must be driven with due regard for the safety of others.

Driving a fire truck into an intersection in full reliance upon the right to exceed speed limits and the right to proceed without stopping for the stop sign or the through street, but without observing or giving any heed to oncoming traffic on the intersecting through street did not amount to driving with due regard for the safety of others as required by statute. Such driving in reliance upon a statutory right-of-way has frequently been held to constitute contributory negligence as a matter of law on the part of plaintiff drivers of private vehicles. *Kerr* v. *Hayes,* 250 Mich 19; *Koehler* v. *Thom,* 285 Mich 593. Inasmuch as the statute has not relieved drivers of fire trucks from the same duties to maintain a lookout, to see and heed what is present to be seen, and, on the basis of such observation, to form a reasonable belief that it is safe to proceed, it follows inescapably that plaintiff's driver must likewise be held to have been guilty of contributory negligence as a matter of law, barring plaintiff's right to recovery. (See, annotation, 1 ALR2d 827.)

Affirmed, with costs to defendant.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.