JAMES A. BOTTONI, JR., Corporation Counsel Washington County
You request my opinion whether a county board has authority to provide for ambulance services, directly or by contract, and to make reasonable charges therefor.
I am of the opinion that it can.
You also inquire whether a county board has authority to provide, directly or by contract, rescue services and to make reasonable charges therefor.
I am of the opinion that it can, providing that the personnel and equipment utilized in the rescue or attempted rescue are necessary to the operation of the ambulance service involved. This does not mean that a county has authority to contract for or make reasonable charges against users of every type of emergency medical services a county can engage in under sec. 146.35 (3), Stats.
Section 59.07 (41), Stats., provides that the county board has power to:
 "(41) AMBULANCES. Purchase, equip, operate and maintain ambulances and contract for ambulance service for conveyance of the sick or injured and make reasonable charges for the use thereof."
The statute permits reasonable charges for the use of ambulance service which is a broader term than ambulance. The statute did not refer to ambulance service in earlier years. 42 OAG 18, 120 (1953). The statute also refers to "equip, operate and maintain ambulances" and to "conveyance of the sick or injured." *Page 88 
Historically ambulance attendants have rendered limited rescue services, at the scene and enroute.
Section 59.07 (42), Stats., provides that the county board has power to:
 "(42) RESCUE EQUIPMENT. Appropriate money for the purchase of boats and other equipment necessary for the rescue of human beings and the recovery of human bodies from waters of which the county has jurisdiction under s. 2.04."
This statute is specific authority for certain counties to engage in rescue operations on boundary waters. However, in my opinion, it does not mean that the failure of the legislature to mention rescue operations in sec. 59.07 (41), Stats., or in secs.59.07 (36) and (63), Stats., concerned with county fire protection, or in sec. 59.07 (64), Stats., relating to preservation of public peace and good order, prevents a county from conducting limited rescue operations within the county.
Prior to 1974, "ambulance" and "ambulance service" were not defined in the statutes. By reason of sec. 990.01 (1), Stats., they were to be construed according to their common and approved usage.
In Tiedebohl v. Springer (1951), 55 N.M. 295, 232 P.2d 694, it was stated that an ambulance is a wheeled vehicle used for the conveyance of the sick and wounded. The case held that a pumper fire truck carrying an inhalator to an emergency did not qualify as an ambulance and was not on official business as a fire truck and did not qualify within a statute exempting ambulances from speed limits when traveling in emergencies.
However, Webster's Third New International Dictionary defines ambulance as "a vehicle equipped for transporting wounded, injured, or sick persons or animals." The term is derived from the French and was commonly referred to as a traveling hospital.
Section 59.07 (41), Stats., refers to "ambulance service" in addition to "ambulance." Ambulance service is a more comprehensive term. Robinson v. Board of County Com'rs. (1972),210 Kan. 684, 504 P.2d 263. In my opinion it contemplates the rendering of limited emergency services, over and above mere conveyance, and contemplates that such services be rendered at the scene and enroute. *Page 89 
In 1973 the legislature created sec. 146.50, Stats., regulating ambulance service providers and ambulance attendants and sec.146.35, Stats., regulating emergency medical services. In my opinion such statutes clearly empower a county to directly provide for emergency medical services and in some aspects limit, and in some aspects expand the scope of emergency ambulance services which a county can provide directly or by contract and make reasonable charge therefor under sec. 59.07 (41), Stats.
Chapter 321, Laws of 1973, creating sec. 146.50, Stats., regulating ambulance service providers and ambulance attendants became effective December 29, 1974. After that date the authority of the county to provide for ambulance service under sec. 59.07 (41), Stats., was conditioned upon compliance with the licensing requirements set forth therein. Licenses are issued by the Department of Health and Social Services and there is provision for provisional licenses. Section 146.50 (3), Stats., provides that counties are exempt from all rules prescribing standards for ambulances and other vehicles until January 1, 1979. However, their contract providers are not exempt andpersonnel of the county and of any contract provider must be licensed. The definition of "person" is broad enough to include a county. Section 146.50 (1) and (2), Stats., provides in part:
"(1) DEFINITIONS. In this section:
 "(a) `Ambulance' means an emergency vehicle, including any motor vehicle, boat or aircraft, whether privately or publicly owned, which is designed, constructed or equipped to transport patients.
 "(b) `Ambulance service provider' means a person engaged in the business of transporting sick, disabled or injured persons by ambulance to or from facilities or institutions providing health services.
 "(c) `Ambulance attendant' means a person who is responsible for the administration of emergency care procedures, proper handling and transporting of the sick, disabled or injured persons, including but not limited to, ambulance attendants and ambulance drivers.
 "(d) `Person' includes any individual, firm, partnership, association, corporation, trust, foundation, company, any *Page 90 
governmental agency other than the U.S. government, or any group of individuals, however named, concerned with the operation of an ambulance.
"* * *
 "(2) AMBULANCE SERVICE PROVIDER AND AMBULANCE ATTENDANT LICENSES REQUIRED. No person may operate as an ambulance service provider or an ambulance attendant unless he holds an ambulance service provider license or ambulance attendant license issued under this section."
The broad definitions of "ambulance" and "ambulance service provider" would permit a county to make reasonable charges under sec. 59.07 (41), Stats., for a greater variety of forms of transportation than originally contemplated under the latter statute. I am informed that the rules tentatively proposed would permit an ambulance attendant to render limited on-the-scene care including extrication from vehicles. Proposed rules would require ambulance attendants to have a minimum of 81 hours of specialized training.
Chapter 322, Laws of 1973, effective July 3, 1974, created sec.146.35, Stats., regulating the furnishing of emergency medical services. Section 146.35 (1), (3) and (4), Stats., provides in part:
 "(1) EMERGENCY MEDICAL TECHNICIAN — ADVANCED (PARAMEDIC) DEFINED. As used in this section, `emergency medical technician — advanced (paramedic)' means a person who is specially trained in emergency cardiac, trauma and other lifesaving or emergency procedures in a training program or course of instruction prescribed by the department and who is examined and licensed by the department as qualified to render the following services:
 "(a) Render rescue, emergency care and resuscitation services.
 "(b) While caring for patients in a hospital administer parenteral medications under the direct supervision of a licensed physician or registered nurse.
 "(c) Perform cardiopulmonary resuscitation and defibrilation on a pulseless, nonbreathing patient. *Page 91 
 "(d) Where voice contact with or without a telemetered electrocardiogram is monitored by a licensed physician and direct communication is maintained, upon order of such physician perform the following:
1. Administer intravenous solutions.
2. Perform gastric and endotracheal intubation.
3. Administer parenteral injections.
 "(e) Perform other emergency medical procedures prescribed by rule by the department.
"* * *
 "(3) EMERGENCY MEDICAL SERVICES PROGRAMS. Any county, municipality, hospital or combination thereof may, after submission of a plan approved by the department, conduct a program utilizing emergency medical technicians — advanced (paramedics) for the delivery of emergency medical care to the sick and injured at the scene of an emergency and during transport to a hospital, while in the hospital emergency department, and until care responsibility is assumed by the regular hospital staff. Nothing in this section shall be construed to prohibit the operation of fire department, police department or other emergency vehicles utilizing the services of emergency medical technicians — advanced (paramedics) in conjunction with a program approved by the department.
 "(4) LICENSING OF EMERGENCY MEDICAL TECHNICIANS — ADVANCED (PARAMEDICS). (a) No person shall be employed as an emergency medical technician — advanced (paramedic) in conjunction with an emergency medical services program authorized under sub. (3) unless he holds an emergency medical technician — advanced (paramedic) license issued under this section. Persons so licensed may perform all procedures specified in sub. (1) under the conditions and circumstances set forth in this section and prescribed by rule of the department.
The statute is clear authority for the county to directly engage in a wide range of emergency rescue operations in conjunction with *Page 92 
or independent of providing ambulance services. Such authority requires that the county plan be approved by the Department of Health and Social Services and that the paramedics involved be licensed. There is no provision for contracting for such services or for the making of reasonable charges. I am of the opinion, however, that the county could make reasonable charges where the personnel and equipment utilized in the rescue or attempted rescue are necessary to the operation of the ambulance service involved. I am advised that rules proposed would require a minimum of 1,000 hours of training for paramedics. A clearer demarcation of what services performed by a paramedic can be charged for by a county may be forthcoming when the Department of Health and Social Services promulgates rules with respect to ambulance service providers.
You may wish to discuss these matters further with the Bureau of Emergency Health Services, 5721 Odana Road, Madison, Wisconsin.
BCL:RJV *Page 93