ANTHONY S. EARL, Secretary, Department of Natural Resources
You have propounded several questions regarding the following fact situation: Sawyer County adopted a shoreland zoning ordinance under sec. 59.971, Stats. Shortly thereafter, the Town of Spider Lake, Sawyer County, also adopted a shoreland zoning ordinance under sec. 60.74 (7), Stats. It was subsequently approved by the Sawyer County Board. Except for minimum lot size requirements, the ordinances are similar. An individual now desires a variance to build an addition to an existing structure which constitutes a nonconforming use. Answers to the questions are necessary to determine what jurisdiction has authority to grant a variance.
Each of your questions follows, together with my responses.
 1. Can a town adopt and enforce shoreland zoning regulations similar to those regulations enforced by counties pursuant to Section 59.971 in an area that has already been zoned by a county pursuant to Section 59.971? *Page 109 
In my opinion, the answer is yes if the town has been authorized to exercise village powers. Ordinarily a town cannot zone on the same subject matter where there is county-wide zoning. Sec. 60.74 (1) (a), Stats. However, sec. 60.18 (12), Stats., permits a town board, upon resolution of its electors, to exercise all powers conferred upon villages if not in conflict with other town statutes. Moreover, sec. 60.74 (7) expressly authorizes towns to adopt zoning ordinances (subject to county board approval) in the manner provided in sec. 61.35, Stats., which relates to village planning. That section incorporates sec.62.23, Stats., which relates to city planning. Section 62.23
authorizes adoption of a master plan and official map; in particular, sec. 62.23 (7) provides for adoption of zoning ordinances. Section 144.26, Stats., which relates to your department's advisory role in municipal shoreland zoning, incorporates sec. 62.23 (7) in its definition of "regulations."
 "To aid in the fulfillment of the state's role as trustee of its navigable waters . . . it is declared to be in the public interest to . . . authorize municipal shoreland zoning regulations . . . ." Sec. 144.26 (1), Stats.
 "`Regulation' refers to ordinances enacted under ss. 59.971 and 62.23 (7) . . . ." Sec. 144.26 (2) (e), Stats.
While sec. 144.26 (2) (c) defines "municipality" or "municipal" as county, village or city, I construe this to include towns exercising village powers under sec. 60.18 (12) and60.74 (7).
It can be argued that sec. 59.971 (2) (b), Stats. prohibits the Town of Spider Lake from exercising its shoreland zoning power. That section provides:
 "If an existing town ordinance relating to shorelands is more restrictive than an ordinance later enacted under this section affecting the same shorelands, it continues as a town ordinance in all respects to the extent of the greater restrictions, but not otherwise."
The implication is that, except for existing, more restrictive ordinances, towns have no authority to enact shoreland zoning ordinances. Indeed, this would be consistent with sec. 60.74 (1) which provides that a town ordinarily cannot adopt zoning ordinances where a county-wide ordinance exists. *Page 110 
It is my opinion, however, that certain other provisions of the statutes limit the application of sec. 59.971 (2) (b) to towns that are not exercising village powers. For example, sec. 59.971 (2) (a) makes applicable the provisions of sec. 59.97, Stats., unless otherwise specified. Section 59.97 (3) (e) provides that a master plan adopted under sec. 62.23 shall control over county ordinances in unincorporated territory. Section 60.74 (7) provides that, where county zoning exists, a town exercising village powers must put its zoning ordinance to a referendum and subject the ordinance to county board approval. Thus, there is nothing in the statutory scheme to indicate that towns exercising village powers are prohibited from adopting shoreland zoning. Safeguards exist to assure that the town's ordinances will be in conformance with or as restrictive as county ordinances.
Enactment of sec. 59.971 did not grant new authority which was not already present in the statutes. Sections 59.97 (4) (c), and60.74 (1) (a) 3., for example, both refer to zoning regulation and restriction of:
 "The areas in or along natural watercourses, channels, streams and creeks in which trades or industries, filling or dumping, erection of structures and the location of buildings may be prohibited or restricted."
Section 59.971 was important only because it required counties to zone shorelands and authorized the DNR to establish advisory guidelines.
Thus, enactment of sec. 59.971 indicates that the legislature intended counties to have primary responsibility for shoreland zoning in unincorporated areas of the county. 63 OAG 69, 73 (1974). However, there is no indication the legislature intended to repeal the authority of towns exercising village powers to zone within their limits.
The ". . . cardinal principle of statutory construction is to save and not to destroy. . . ." and ". . . the earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together. . . ." State v. Dairyland PowerCooperative (1971), 52 Wis.2d 45, 51, 187 N.W.2d 878. *Page 111 
A reasonable construction in light of these rules dictates that towns exercising village powers be permitted to adopt and enforce shoreland zoning regulations even where a county has zoned as long as the ordinance is in conformance with or more restrictive than the county's.
 2. Can a county's shoreland zoning ordinance, or any portions of such an ordinance, be preempted by a town zoning ordinance adopted after the county zoning ordinance?
While nothing prohibits a town from enforcing its shoreland zoning regulations concurrently with a county, the town ordinance cannot preempt a county ordinance.
If the town ordinance were to supersede a county shoreland zoning ordinance, the effect would be a loss in state-wide uniformity of regulations advocated by sec. 144.26 (7). 63 OAG 69, 73 (1974) concluded that the legislature did not intend municipal extraterritorial zoning to supersede county zoning in overlapping areas. Similarly, I conclude that the legislature did not intend that towns authorized to exercise village powers should enact zoning ordinances which preempted county ordinances. An opposite conclusion is untenable in light of the requirement in sec. 60.74 (7) that the town ordinance be approved by the county board.
 3. Could a town and a county exercise concurrent jurisdiction in a situation where a town adopts shoreland zoning regulations after the county has adopted an ordinance pursuant to Section 59.971?
The answer to this question is yes, if the town shoreland zoning ordinance is consistent with or more restrictive than the county zoning ordinance. Again, I speak only of towns exercising village powers.
In the circumstances which you mention, where Sawyer County and the Town of Spider Lake are in fact exercising concurrent jurisdiction, it is my opinion that the individual seeking a variance must obtain permission from both the town and the county boards of appeal. Section 59.971 (4) (b), Stats., provides that the procedures set forth in sec. 59.99, Stats., shall apply to ordinances enacted pursuant to sec. 59.971. Section 59.99 provides for the appointment of a county board of adjustment, and among its *Page 112 
powers is the ability "to authorize upon appeal in specific cases such variance from the terms of the [county] ordinance as will not be contrary to the public interest." Since Sawyer County adopted an ordinance pursuant to sec. 59.971, the individual in question must obtain a variance from the terms of that ordinance from the Sawyer County board of adjustment.
Section 60.74 (7), Stats., gives town boards with village power zoning rights in the manner provided in sec. 61.35, Stats. That section incorporates the provisions of sec. 62.23. Therefore, pursuant to sec. 62.23 (7) (e) (7), a town board must also appoint a board of appeals among whose powers shall be "to authorize upon appeal in specific cases such variance from the terms of the [town] ordinance as will not be contrary to the public interest." Pursuant to this section, the individual you mention must also obtain a variance from the terms of the town ordinance from the Spider Lake board of appeals.
While the town and the county jurisdictions are concurrent, in fact each has effected separate and distinct zoning ordinances, pursuant to powers granted under different sections of the statutes. An individual cannot exempt himself from the duty to obey one local ordinance by obtaining an exemption from the requirements of a similar but separate ordinance enacted by a different local authority.
A subsequent request from your office asks for my opinion to three more questions. Each of your additional questions follow, together with my responses.
 1. Do counties have exclusive authority to zone shorelands in unincorporated areas?
The answer is clearly no in light of the discussion above and in 63 OAG 69 (1974). Towns authorized by sec. 60.74 (7) to accomplish master planning, and cities and villages authorized by sec. 62.23 (7a) to enact extraterritorial zoning can all zone shorelands in unincorporated areas.
 2. If they do not have exclusive authority, what is the relationship of their authority to zone shoreland with the extraterritorial zoning powers of incorporated municipalities?
I am in agreement with the opinion of my predecessor in 63 OAG 69 (1974) wherein it was concluded that municipal *Page 113 
extraterritorial zoning cannot supersede county shoreland zoning but is effective insofar as it is consistent with or more restrictive than the county regulations.
 3. If a town has authority to issue its own shorelands ordinance, must the town ordinance be in strict conformity with the county shoreland zoning ordinance?
The town zoning ordinance may be more restrictive than the county shoreland zoning ordinance, but not less so. Conformity may be assured by county board approval of the ordinance under sec. 60.74 (7) and by departmental consultation under sec. 144.26 (7). I should point out that I am again referring only to towns exercising village powers since, ordinarily, towns cannot enact zoning ordinances wherever county-wide zoning exists. Sec. 60.74
(1), Stats.
BCL:LMC