RAY A. SUNDET, Corporation Counsel La Crosse County
You ask whether a county possesses the statutory authority to designate the level of ambulance service provided by towns within that county as well as the ambulance service provider that will respond to each medical emergency called into the county dispatch service from such towns.
I am of the opinion that a county lacks statutory authority to designate the level of ambulance service provided by the towns within that county. Absent the existence of a cooperative agreement between a county and a town, I am of the opinion that a county dispatcher possesses considerable discretion to request assistance from the most appropriate and readily available statutorily authorized ambulance provider.
You describe the fact situation which gives rise to your inquiry as follows:
 In La Crosse County, there are a number of competing private ambulance services providing emergency care at the basic life support (BLS) level and at the advanced life support (ALS) or paramedic level. Due to the limited number of emergency medical service calls, the competition has been fierce between the private providers resulting in an unstable and chaotic market place. The EMS Board has been attempting to deal with the private ambulance providers in providing the best possible pre-hospital emergency care to the citizens of La Crosse County.
 The various town boards have stated through resolutions that they desire a combination of varying BLS providers, while the cities in the County, namely La Crosse and Onalaska, have *Page 211 
requested that their citizens be provided with the ALS or paramedic level service.
 We have determined that none of the townships in La Crosse County presently contract for, operate or maintain their own ambulance service. However, each township by resolution has requested that La Crosse County through its 9-1-1 dispatch send certain BLS units to its citizens.
Section 59.07(41), Stats., permits but does not require any county to "[p]urchase, equip, operate and maintain ambulances and contract for ambulance service for conveyance of the sick or injured and make reasonable charges for the use thereof." See 65 Op. Att'y Gen. 87 (1976). Where a county elects to utilize this statutory authority, it may not unilaterally refuse to provide such service to any municipality within the county, even if that municipality provides its own ambulance services. See 42 Op. Att'y Gen. 18 (1953).
A town's statutory authority to provide ambulance services is contained in section 60.565, which provides as follows: "The town board shall contract for or operate and maintain ambulance services unless such services are provided by another person. The town board may purchase equipment for medical and other emergency calls."
The comments to section 60.565 accompanying 1983 Wisconsin Act 532, section 7, prepared by the Legislative Council's special committee on revision of town laws, reprinted in Wis. Stat. Ann. secs. 60.30 to 65 (West 1988), provide as follows:
 Restates s. 60.29(17) [(1981)], adding authority to purchase equipment for any kind of emergency. While there is some question as to whether provision for ambulance service is mandatory or optional under current law, the special committee concluded that, given the importance of ambulance service, particularly in rural areas, provision of the service should be mandatory. Assembly amendment 4 added the qualification that if ambulance service is provided by another entity, the town need not provide it.
(Emphasis supplied.) The underscored language in the special committee's note clearly indicates that, when ambulance service is provided by another entity such as a county, a town may, at its option, discontinue the service. *Page 212 
You point out, however, that section 146.35(3) authorizes "[a]ny county . . . [or] municipality . . . after submission of a plan approved by the department, [to] conduct a program utilizing emergency medical technicians — advanced (paramedics) for the delivery of emergency medical care to the sick and injured . . . ." Based upon this language, you indicate that "[i]t may not be possible to provide each township with the particular ambulance service that it has requested in order to develop a feasible County plan."
I find no inconsistency in any of the statutes cited. It is not unusual for counties and municipalities in which they are located to possess concurrent jurisdiction to perform governmental functions. See, e.g., 65 Op. Att'y Gen. 108 (1976); 63 Op. Att'y Gen. 69 (1974). As implicitly indicated in 42 Op. Att'y Gen. 18, such concurrent authority exists with respect to the provision of ambulance services. Thus, pursuant to section 146.35(3), a county may elect to staff all of its ambulances with paramedics. However, under section 60.565, a town remains free to provide or contract for ambulance services at the basic life support level. Since there is no apparent conflict between any of the statutes you have cited, I conclude that a county lacks statutory authority to designate the level of ambulance service provided by towns within that county.
Under the facts as you have stated them, no town in your county is in compliance with section 60.565. Where that is the case, a dispatcher in a county providing services under section 59.07(41) is under no obligation to accede to a town board's resolution that merely constitutes a request to dispatch a particular ambulance provider not under contract to that town. However, if and when ambulance services become available both pursuant to section 59.07(41) and pursuant to section 60.565, absent a cooperative agreement between the county and a town electing to provide services under section 60.565, it is my opinion that a county dispatcher would possess considerable latitude to request assistance from the most appropriate and readily available statutorily authorized ambulance provider.
Since there has been no concurrent provision of ambulance services by the county and any of the towns within your county, I decline to speculate as to whether a dispatcher's discretion would *Page 213 
be limited under any particular set of circumstances which has not yet transpired.
DJH:FTC *Page 214