# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### NICHOLS v. NICHOLS.

(Circuit Court, E. D. Missouri, E. D.   February 13, 1899.)

#### No. 4,175.

1. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP.

The first clause of the fourteenth constitutional amendment, declaring that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside," was not intended to make residence within a state the equivalent of citizenship therein, and it cannot be given that effect for the purpose of conferring jurisdiction on a federal court on the ground of diversity of citizenship.[1]

2. SAME—HUSBAND AND WIFE.

A husband and wife, not living apart under a legal separation, cannot be citizens of different states in such sense as to authorize a federal court to entertain jurisdiction of a suit between them, the domicile of the husband being in legal contemplation that of the wife also.

This is a suit commenced in a state court by Dora H. Nichols, by her next friend, against Frank B. Nichols, the parties being husband and wife. The cause was removed by the defendant.

E. T. & C. B. Allen, for complainant.

George M. Block and Noble & Shields, for defendant.

Before THAYER, Circuit Judge, and ADAMS, District Judge.

THAYER, Circuit Judge.   Section 5 of the judiciary act of March 3, 1875 (18 Stat. 472, c. 137), which is still in force, makes it the duty of the circuit court, if it appears to its satisfaction at any time after a suit has been removed thereto from a state court that it does not really and substantially involve a controversy within the jurisdiction of said court, to remand it to the court from which it was removed. In this case the original complaint filed in the state court,

---

[1] As to diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249, and, supplementary thereto, notes to Mason v. Dullagham, 27 C. C. A. 298, and United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 479.

92 F.—1

as well as the bill which has since been filed in this court, show on their face that the plaintiff and the defendant are husband and wife, having been married on December 10, 1890, in the city of St. Louis, state of Missouri. The petition on the strength of which a removal was obtained by the defendant alleges that the plaintiff, the wife, at the commencement of the action was, and still is, a citizen of the state of Missouri, and that the husband, at the commencement of the suit, resided at the city of Bessemer, in the state of Alabama, and was a citizen of the state of Alabama. The question is therefore presented upon the face of the record (and under the act of congress heretofore cited the court is required of its own motion to notice and determine it) whether the respective parties are, or can be, citizens of different states, within the meaning of the removal act, and whether this court has jurisdiction of the case. It has been suggested that jurisdiction may be sustained under the first clause of the fourteenth amendment to the constitution of the United States, which declares that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside." As we understand the suggestion of counsel, it is, in substance, that since the adoption of the amendment actual residence within a state by a person born or naturalized in the United States constitutes that person a citizen of the state where he or she thus resides, and that, as applied to the present case, the fact that the plaintiff, at the time of the institution of this suit, was residing in the state of Missouri, constituted her a citizen of Missouri, although her husband was at the time domiciled in, and a citizen of, the state of Alabama. We think that this contention is unsound, and that the fourteenth amendment to the constitution of the United States was not intended to have that effect, but was framed for an entirely different purpose, namely, to make it clear that all colored persons born in this country in a state of servitude, and that the children of certain aliens who were born in the United States, and subject to its jurisdiction, should thenceforth be regarded as citizens of the United States, and entitled to its protection. U. S. v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456. It has never before been suggested, so far as we are advised, that the fourteenth amendment to the constitution was intended to have any other or different force or effect, or to establish the rule that residence within a state was equivalent to being a citizen of the state. On numerous occasions since the fourteenth amendment was adopted, cases have been dismissed both by the federal supreme court and various circuit courts because the jurisdictional averment relied upon was an averment of residence within a state, rather than an averment of citizenship. We think, therefore, that the jurisdiction of this court over the case at bar cannot be maintained under or by virtue of any declaration found in the aforesaid amendment.

The question remains whether a husband and wife who are not living apart under a legal separation can be citizens of different states in such a sense as to authorize a federal court to entertain jurisdiction of a controversy which has arisen between them. It is

a well-established rule of law that, whether a husband and wife are living together or apart, the wife's domicile, in the eye of the law, is that of her husband, and that she is not capable of establishing a separate domicile. The husband has the right to choose the domicile, and the wife must abide by his decision, except, perhaps, in some special cases where the husband acts in bad faith; and, if the wife refuses to take up her abode in the place of domicile chosen by the husband, this is an act of desertion on her part. All of the text writers and authorities, so far as we have examined them, agree substantially on these propositions. Barber v. Barber, 21 How. 582; Bennett v. Bennett, 3 Fed. Cas. 212; Ashbaugh v. Ashbaugh, 17 Ill. 476; Greene v. Greene, 11 Pick. 410–414; Bish. Mar. Wom. § 157; Schouler, Dom. Rel. §§ 37, 38, and cases cited. As a corollary from these propositions, it follows, we think, that, in a legal sense, the plaintiff's present domicile, like that of her husband, is in the state of Alabama, and that, he having gone there with an intent to make it his home, and being a citizen of that state, the plaintiff must also be regarded, in a legal sense, as domiciled in the state of Alabama, and as being a citizen of that state. The laws of Missouri have enlarged the power of married women to acquire, hold, and control property, but, in the absence of a legal separation, they have not empowered them to establish a domicile different from that of their husbands. In the latter respect their disabilities remain the same as at common law. The court is therefore constrained, of its own motion and upon the facts appearing upon the face of the record, to remand the case to the state court, and it will be so ordered.

ADAMS, District Judge, concurs.