THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON, PLAINTIFF IN ERROR, v. ERIE RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued November 23, 1909—Decided February 28, 1910.

1. Negligence in the performance of public duties by municipal agents, or instrumentalities, entrusted therewith, is not imputable to the municipality.
2. A fire engine belonging to the city of Paterson was injured in a collision with a railroad train at a highway crossing. The collision occurred through the joint negligence of the persons operating the train and the driver of the engine. *Held*, that the negligence of the driver of the engine constituted no bar to the right of the municipality to recover compensation from the railroad company.

On error to the Supreme Court.

For the plaintiff in error, *Edward F. Merrey.*

For the defendant in error, *Collins & Corbin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by the city of Paterson to recover damages for injuries received by one of its fire engines, in a collision between it and a train of the defendant company, at a railroad crossing in the city. The plaintiff's proofs showed that the crossing gates were not down, and that no bell was rung or whistle blown on the train as it approached the crossing. It also appeared in the plaintiff's case that the driver of the fire engine came onto the crossing without using care to see whether or not a train was approaching. At the close of the plaintiff's case a non-suit was ordered upon the ground that its right of recovery was barred by the contributory negligence of the driver of the engine. The plaintiff in error now challenges the soundness of that ruling.

A person whose negligent act produces injury to another cannot escape liability therefor merely by showing that the injury was contributed to by the careless act of a third person. In order to relieve him from such liability it must also appear that the act of the third person was one for which the injured party was responsible, under the doctrine of *respondeat superior*. In the absence of proof of that fact the injured person is entitled to compel both or either of the wrong-doers to compensate him for his injuries. The correctness of the ruling of the trial court depends, therefore, upon whether the negligence of the driver of the fire engine is imputable to the city.

Municipal corporations are engaged in the performance of public services in which they have no particular interest, and from which they derive no special benefit in their corporate capacity. The persons employed by them in the rendering of such service act as public servants charged with a public duty. They are mere agencies, or instrumentalities, by which such duties are performed, and the doctrine of *respondeat superior* does not apply to such employment. *Condict* v. *Jersey City,* 17 *Vroom* 157; *Wild* v. *Paterson,* 18 *Id.* 406. Accordingly, it was held by this court, in the first of the cited cases, that a municipality was not liable for an injury occasioned by the act of a driver of an ash cart, employed by its board of public works to remove ashes and refuse from boxes and barrels placed on the sidewalk, in carelessly making a dump from his cart, and in the second case it was considered by the Supreme Court that a municipality was not responsible to a member of its fire department who was run over and injured while assisting to haul an engine to a fire, the accident having occurred because the persons in charge of the engine had carelessly permitted its brake to get out of order. Many cases to the same effect, and resting upon the same ground, will be found collated in 20 *Am. & Eng. Encycl. L.* (*2d ed.*) 1205, and in 28 *Cyc.* 1267, 1304. The concrete principle established by these decisions is that negligence in the performance of public duties by municipal agents, or instrumentalities, en-

trusted therewith, is not chargeable against the municipality. Applying this principle to the present case it is apparent that the ordering of a nonsuit was erroneous, for, unless the negligence of the driver of the fire engine was imputable to the plaintiff, it no more constituted a bar to the plaintiff's right of action against the defendant than the contributing negligent act of any other person entirely disconnected with the plaintiff would have done.

The judgment under review will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VROOM, GRAY, CONGDON, JJ.    14.