SPENCER MILLER, Jr., STATE HIGHWAY COMMISSIONER, ACTING FOR AND IN THE NAME AND BEHALF OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM D. LAYTON, Sr., DEFENDANT-APPELLANT.

Argued January 16, 1945—Decided February 5, 1945.

Before Justices PARKER and COLIE.

For the plaintiff-respondent, *Frank A. Mathews, Jr.*, Deputy Attorney-General.

For the appellant, *George F. Lahey, Jr.*

The opinion of the court was delivered by

PARKER, J. The sole question in this case is whether contributory negligence on the part of an employee of the State Highway Department in the performance of his duty as such was available in defense of an action against the private owner of an automobile truck and trailer for negligence of his servant in crossing a state highway bridge whereby the bridge was damaged to the extent of $500.

The bridge tender, an employee of the State Highway Department, was engaged in opening a draw bridge on the line of the state highway to let a boat through, when the driver of defendant's automobile, disregarding or failing to observe a signal that the bridge was open, collided with the open section, causing injury to the bridge for which this suit was brought by the Highway Commissioner. Defendant filed a counter-claim for damage to his car, but withdrew it before the trial. However, he claimed contributory negligence of the bridge tender as a defense, and the trial court sustained the claim as a matter of fact, but held it unavailable against a state agency as a matter of law, and awarded judgment against the present appellant for the amount stipulated by the parties. The sole question on this appeal is whether there was error in overruling the claim of contributory negligence.

We are clear that the ruling was correct. Over a century ago, in the case of *Freeholders of Sussex* v. *Strader,* 18 *N. J. L.* 108 (we name the plaintiff first, instead of reversing the names as was then the practice on writ of error) it was held (and as it happens, in a bridge case), that in the absence of statute, an action will not lie against a municipal corporation at the instance of an individual who has sustained special damage in consequence of the neglect of such corporation in the performance of a public duty. A later leading case is *Bisbing* v. *Asbury Park,* 80 *Id.* 416, and a number of other

cases are cited in the opinion of the Court of Errors and Appeals in that volume at page 418. Still later we find the case of *Stephens* v. *Commissioners of Palisades Interstate Park,* 93 *Id.* 500. These were cases of primary negligence on the part of the public agency: but the fundamental principle is equally applicable where the public agency is the plaintiff and defendant seeks exemption on the ground of contributory negligence: and indeed, it was so decided by the Court of Errors and Appeals in *Paterson* v. *Erie Railroad Co.,* 78 *Id.* 592, a case which seems precisely in point.

The judgment under review will be affirmed.