**WAYNE et al. v. ATLANTIC CITY.**

No. C–4633.

District Court, D. New Jersey.

July 27, 1945.

John B. Baratta, of Atlantic City, N. J., for plaintiffs.

Bolte, Miller & Repetto, by Augustine A. Repetto, all of Atlantic City, N. J., for defendant.

FORMAN, District Judge.

Plaintiffs, husband and wife, bring this action for damages by reason of the lat- ter's injuries alleged to have been caused by the negligence of defendant, a municipal corporation.

In the first count of the complaint it is alleged that plaintiff Margaret E. Wayne came to Atlantic City to enjoy the health and recreational facilities offered by it, which included, among others, the Board- walk; that said plaintiff was induced to visit Atlantic City for these purposes as a consequence of the advertisement and promotional efforts of the defendant which were intended to so induce visitors; that it therefore became the duty of the defend- ant to operate its Boardwalk so as not to render it dangerous to such invitees or persons similarly induced to partake of its virtues; that defendant failed to carry out said duty in that it knowingly permitted the Boardwalk to fall into disrepair; that by reason thereof, said plaintiff fell and was injured in the amount of the damages sought; that said defendant was insured at that time against the risk of such accident, for which insurance defendant paid a premium.

In the second count the plaintiff's hus- band George E. Wayne alleged that the loss of services of his wife and his expenses, past and anticipated, to cure his wife of her injuries for which he likewise sought recovery in damages.

Defendant moved to strike paragraphs 2 and 7 of the first count of the complaint insofar as the allegations thereof are in- corporated in the second count, on the ground that the allegations are impertinent.[1] It also moved to strike the complaint in its

[1] (1) Paragraphs 2 and 7 of the first count of the complaint are as follows:

"2. At all the times hereinafter men- tioned and for a long period of time prior thereto the said defendant held itself out to the world as a seashore resort and for its special benefit and advantage there maintained within its exclusive control certain health and recreational facili- ties whose peculiar virtues through the media of advertisement and other pro- motional enterprises, it extolled and ex- ploited to induce the general public of the several States to come and enjoy; among which health and recreational facilities was a certain elevated wood-surfaced bridge known as the Boardwalk extend- ing uninterruptedly over and along the shore of the Atlantic Ocean for approxi- mately 5 miles dedicated by the said de- fendant as a promenade solely for pedes- trian use and by it kept free of horse- drawn and motor-propelled traffic and the dangers, annoyances and noxious odors incident thereto, and affording therefrom, save for several abutting amusement piers jutting out into the sea, an unob- structed view of the Atlantic Ocean, along the entire length thereof."

"7. At all the times hereinabove men- tioned the said defendant carried a policy or contract of insurance insuring it against the risk out of which the said accident grew and providing for the serv- ice of counsel in the event of suit in connection therewith; for which policy or contract the said defendant had paid a premium; and the said policy or con- tract of insurance provided that the in- surer was to pay any final judgment re- covered against the said defendant for any accidental injury growing out of the

entirety because it fails to state a claim upon which relief can be granted.

Counsel for the plaintiffs recognizes the law in New Jersey which immunizes a municipal corporation from liability for negligence under facts similar to those in the case at bar but argues that the reasons which served as a basis for the establishment of the rule are no longer present. He sees such reasons set forth in the case of Board of Chosen Freeholders of Sussex County v. Strader, 18 N.J.L. 108, 35 Am. Dec. 530, decided by the New Jersey Supreme Court in 1840, to be that recognition of municipal liability would be productive of an infinity of actions; that there was no precedent for such an action and there was no corporate fund out of which satisfaction could be had. These are similar to the reasons which impelled the early decision in the case of Russel v. Men of Devon, 1798, 2 T.R. 667, 100 Eng.Reprint 359. He argued that the principal reason: —the lack of funds to support a judgment, does not apply because the alleged insurance policy of the defendant supplies that deficiency. He cited in support of this contention the case of O'Connor v. Boulder Colorado Sanitarium Association, 105 Colo. 259, 96 P.2d 835, wherein the Court found a charitable institution liable for negligence causing injury to a paying patient where the loss would be borne by an insurance company.

It is something of an understatement to say that conditions have changed since the case of Men of Devon, or even in the century that has elapsed since the decision in the Strader case. Misfortune to the individual has become the concern of the public and much more progress in this direction may be expected if this government is to achieve its objectives. Indeed in New Jersey some tendency toward bringing municipal corporations into the area of liability for damages caused individuals has manifested itself. At least active wrongdoing upon the part of a municipal corporation has been made the criterion of recovery by a decision of the Court of Errors and Appeals of New Jersey,[2] although the New Jersey Supreme Court has rather frankly and pragmatically conceded that the resultant consequences to the injured party are the same quite regardless of whether the wrongdoing upon the part of the municipal corporation was active or passive.[3] Much has been written upon the subject of the necessity to bridge the lag between the law of damages in this field and the times in which we live. Plaintiffs' counsel has directed our attention to a particularly informative article by Professor Albert J. Harno as early as 1921 wherein he advocated that the municipal corporation should be required to assume its responsibilities commensurate with its place in a modern society.[4] However, the Strader case still influences the New Jersey law with little abated rigidity, for as recently as this very year it was cited with hearty approval by the Supreme Court of New Jersey.[5]

We endeavored to expand the rule in a kindred case[6] where negligence of a municipal corporation was alleged, but the higher court pointed out that the scope of the fixed law of New Jersey would not brook the broadening of such liability in the federal court.[7] So in this case we are limited by the doctrine laid down in the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and we cannot transgress the line drawn by the New Jersey Courts where relief as sought by the plaintiffs herein is claimed even in the face of the allegation by plaintiffs that the defendant is protected by insurance, the injection of which issue, itself, is a vulnerable maneuver in New Jersey.[8]

The objection by the defendant that the complaint fails to state a claim upon which relief may be granted must be sustained and the complaint will be stricken.

Such an order should be presented.

---

maintenance, control or care of the said wood-surfaced bridge known as the Boardwalk."

[2] Allas v. Borough of Rumson, 115 N.J.L. 593, 181 A. 175, 102 A.L.R. 648.

[3] Hammond v. Monmouth County, 117 N.J.L. 11, 186 A. 452.

[4] Tort Immunity of Municipal Corporations, Vol. 4, No. 1 (Dec. 1921) Illinois Law Quarterly, p. 28.

[5] Miller v. Layton, 132 N.J.L. 426, 41 A.2d 23.

[6] Murphy v. City of Asbury Park, D.C., 49 F.Supp. 39.

[7] Murphy v. City of Asbury Park, 3 Cir., 139 F.2d 888, certiorari denied 322 U.S. 735, 64 S.Ct. 1048, 88 L.Ed. 1569.

[8] Patterson v. Surpless, 107 N.J.L. 305, 151 A. 754.