SPENCER MILLER, Jr., STATE HIGHWAY COMMISSIONER, ACTING FOR AND IN THE NAME AND BEHALF OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM D. LAYTON, Jr., DEFENDANT-APPELLANT.

Argued May 15, 1945—Decided October 15, 1945.

324

For the plaintiff-respondent, *Walter D. Van Riper,* Attorney-General of the State of New Jersey, and *Frank A. Mathews, Jr.,* Deputy Attorney-General.

For the defendant-appellant, *George F. Lahey, Jr.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The judgment under review should be affirmed for the reasons expressed in the opinion of Mr. Justice Parker for the Supreme Court, and reported in 132 *N. J. L.* 426.

The sole point in the case is whether the State, when it enters a state court as a plaintiff, is bereft of immunity and thereafter finds itself on the same footing as a private suitor. It is a rule, universally accepted, that a state is protected against suits brought by its own citizens. No constitutional provision is necessary on this matter. Such immunity is one of the essential attributes of sovereignty. This principle was enunciated in *Lodor* v. *Baker, Arnold & Co.,* 39 *N. J. L.* 49. (See cases collected in 42 *A. L. R.* 1467n.) A state may waive its sovereign immunity by statute or provision of its constitution and some states have done so. Nor may a state be sued in the federal courts by a citizen of another state or a subject of a foreign state (amendment XI, United States Constitution).

The suit in this instance was instituted by the State Highway Commissioner against the defendant for damage done to one of the state bridges. The trial court found as a fact (there was no jury) that the defendant was negligent; but it also found the fact to be that the bridge tender, an employee of the State Highway Commission, was guilty of contributory negligence. The State Highway Commission has been described as an *alter ego* of the state, as indeed it is. *Curtiss & Hill, &c.,* v. *State Highway Commission,* 91 *N. J. Eq.* 421. The trial court held in effect that the contributory negligence of the state's bridge tender was not imputable to the state and gave judgment for the state. On appeal to the Supreme Court the judgment was affirmed. Cases from other states and from the United States courts which enunciate a dif-

ferent rule than that stated by our Supreme Court are cited as a basis for reversing the instant judgment and overruling an opinion of this court (*Paterson* v. *Erie Railroad Co.*, 78 *N. J. L.* 592) upon which the Supreme Court relied. A somewhat recent case, decided in the United States Circuit Court of Appeals (Ninth Circuit)—*United States* v. *Moscow-Idaho Seed Co.*, 92 *Fed. Rep.* (2d) 170 (1937)—is cited as a leading authority for the appellant's contention. There the learned opinion writer said that when the United States comes into court and institutes a suit for redress by implication it waives any immunity as sovereign and its adversary may set up any defense available to him were his opponent another citizen instead of the government. In that case the United States, as such, brought suit against the defendant for property damage to one of its automobiles, &c. The defendant pleaded contributory negligence on the part of the plaintiff's driver. The trial court overruled the demurrer filed by the United States and on appeal it was held by the Circuit Court (Ninth Circuit) that under the circumstances that defense was available to the defendant, laying down the rule that when the government entered court as a plaintiff all defenses that were not an infringement of sovereignty or a violation of government prerogatives might be invoked by the defendant. We do not subscribe to that principal in so far as the defense of contributory negligence is concerned. There is no occasion to consider its soundness otherwise, beyond the precise point involved here. We find no authority for the appellant's argument under our cases. In a suit to foreclose a mortgage by the "Trustees for the Support of Public Schools" this court held that such suits are subject to the same defenses by answer or cross-bill as like suits by other mortgagees. *American Dock and Improvement Co.* v. *Trustees, &c.*, 35 *N. J. Eq.* 181, 254. A later case held this to mean that "appropriate" defenses were available in a suit brought by the state. *New Jersey Interstate Bridge and Tunnel Commission* v. *Jersey City*, 93 *Id.* 550, 555. Is contributory negligence then an "appropriate" defense in the case before us? We think not. If the state may not be held answerable for the negligence of its servant, the relationship of respondent superior being non-

existent, it follows that it may not be compelled to suffer property damage caused by defendant's negligence even though its own servant was guilty of contributory negligence. Such is the rule in a like situation involving a municipality (*Paterson* v. *Erie Railroad Co., supra*); *a fortiori* it is the rule in the case of the state appearing as a plaintiff in the state courts.

PERSKIE, J. (Dissenting.) I vote to reverse not because I question the law upon which the majority result is reached but rather because I do not deem it wise to perpetuate the unsound and unjust philosophy upon which that law is based, namely, that the state is above the law. Such a philosophy may have its place in the monarchical concept (the King can do no wrong) in the administration of justice. But no law based upon such a philosophy should have any place in the administration of justice under our democratic form of government.

There is nothing sacrosanct about the status of the state as a suitor. As such suitor, it should stand on the same footing as any private individual. For when, as here, the state voluntarily resorts to its courts as a plaintiff seeking to recover compensation for damages to its property, on the ground of actionable negligence, then it casts aside its shield of immunity and the defendant should be permitted to set up all such appropriate defenses touching the merits of the state's claim which he could have urged against a private individual, including the defense of the contributory negligence of the state's servant. In other words, the state's right to compensation, in the circumstances, should have been determined by the ordinary applicable rules of law for the administration of justice.

The principle urged is not without recognition in our state. *Cf. American Dock and Improvement Co.* v. *Trustees of Public Schools,* 35 *N. J. Eq.* 181 (at *pp.* 252, *et seq.*); *New Jersey Interstate Bridge and Tunnel Commission* v. *Jersey City,* 93 *Id.* 550, 555; 118 *Atl. Rep.* 264; *Wilentz* v. *Crown Laundry Service, Inc.,* 116 *N. J. Eq.* 40, 41; 172 *Atl. Rep.* 331. See, also, 36 *Cyc.* 910; 59 *C. J.* 315. It should presently

suffice to observe that this principle is also recognized by the federal courts, by the courts of several of our sister states, and has been strongly advocated by outstanding professors of law and acknowledged legal text writers. It is a sound, fair and just principle. It is a principle that gives fruitful and just meaning to the maxim that "sovereignty is a shield but not a sword."

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, WELLS, RAFFERTY, DILL, FREUND, JJ. 10.

*For reversal*—PERSKIE, J. 1.