Grady FAULK, Jr., Temporary Administrator of the Estate of John Robert Sandlin, Deceased, Appellant,

v.

CITY OF TYLER, Appellee.

No. 119.

Court of Civil Appeals of Texas.

Tyler.

April 1, 1965.

Rehearing Denied May 6, 1965.

William L. Richards, Andress, Woodgate, Richards & Condos, Dallas, for appellant.

Troy Smith, Smith & Smith, Henry L. McGee, Jr., Tyler, for appellee.

DUNAGAN, Chief Justice.

This suit arose out of an automobile collision in which a police interceptor automobile belonging to the City of Tyler and being driven by one of its police officers in the performance of his duty as a policeman, collided with an automobile driven by John Robert Sandlin. As a result, for all practical purposes the police car was a total loss. The City of Tyler sued Sandlin's estate for damages, alleging negligence on the part of Mr. Sandlin. Sandlin's administrator pleaded contributory negligence as a defense.

On trial to a jury, it found that Mr. Sandlin was guilty of negligence which was a proximate cause of the collision. The jury also found that the police officer was guilty of negligence which was also a proximate cause.

The trial court refused to recognize contributory negligence as a defense against the City and entered judgment for it for the amount found by the jury to be the damages suffered by reason of the damage to its automobile.

The appellant alleges in his first point that "when the City of Tyler as plaintiff sued for property damage to an automobile driven by its police officer, it was on the same footing as any other litigant and the

contributory negligence of such officer causing the damage as found by the jury is available as a defense, and judgment for the City is wrong."

The undisputed facts show:

(1) The City of Tyler is a municipal corporation operating under a Charter adopted pursuant to the Home Rule Amendment to the Constitution of the State of Texas.

(2) J. A. Barron, a police officer of the City of Tyler, at all times involved in this collision, was driving the City of Tyler's police interceptor automobile in the performance of his duty as a police officer.

(3) The jury found that John Robert Sandlin, who was driving the automobile which collided with the City's police car, was guilty of negligence which was a proximate cause of the injuries and damages caused by the collision to the City's automobile.

(4) The jury likewise found J. A. Barron, the police officer, guilty of negligence which was a proximate cause of the collision and the resulting damages.

The administrator of the Sandlin estate, defendant in the court below and appellant in this court, contends that the contributory negligence of policeman Barron should be imputed to the City so that it cannot recover damages for its loss.

Appellant makes the following statement in his brief: "The only question here involved is whether, when a Home Rule City voluntarily goes into Court to seek recovery against a citizen, that citizen is deprived of the ordinary defenses to which he would be entitled against any other plaintiff. We do not have involved a question of the liability of the Home Rule City as defendant for the negligence of its employee, involving established principles of non-liability as a matter of public policy.

"It is our position that when a Home Rule City voluntarily casts off the robes of sovereignty, and stands before the bar in the same attitude as an individual litigant, its rights are determined and fixed by the same principles of law and equity as would have been rendered in a case between private individuals."

■ It is elementary in Texas that municipalities are political sub-divisions of the state, and that their incorporation embraces nothing more than the creation of a governmental agency which becomes invested with such powers as the law confers. City of Goose Creek v. Hunnicutt, 120 Tex. 471, 39 S.W.2d 617, 1931; Corporation of San Felipe De Austin v. State, 111 Tex. 108, 229 S.W. 845, 1921; 39 Tex.Jur.2d 366, Municipal Corporations, Section 4.

■ As such sub-divisions of the State, exercising locally a portion of the powers of a State, such municipalities have no greater rights, immunities, or exemptions than does the State of Texas from which exclusively it derives its rights and powers.

■ Appellee's contention is that contributory negligence, as a defense, is not available to appellant for the reason that at the time of the collision out of which the suit arises, the City was exercising a governmental function. The City urges that because the transaction involved the exercise by it of a governmental function it is shielded by its "governmental immunity" even to the extent of abolishing appellant's defense of contributory negligence. It cannot be denied that the City was exercising one of its governmental functions on the occasion of the collision. It seems also to be conceded by all parties that the City, while exercising such a function, is protected by an "immunity" from liability for damages inflicted by the negligence of its employees and representatives. City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180, 1960; Tompkins v. Williams, 62 S.W.2d 70 (Tex.Com.App.) 1933; City of Fort Worth v. George, 108 S.W.2d 929 (Tex.Civ.App.) writ ref.; Gotcher v. State, 106 S.W.2d 1104 (Tex.

Civ.App.) 1937, n. w. h.; Brooks v. State, 68 S.W.2d 534 (Tex.Civ.App.) 1934, writ ref.; Prosser on Torts, 2d Ed., 1955, p. 774; State v. Brannan, 111 S.W.2d 347 (Tex. Civ.App.) 1937, writ ref.; 40 Tex.Jur.2d 302, Sec. 618 and page 311, Sec. 624. In short, under such circumstances the principle of respondeat superior does not apply to fix liability against the municipality. Gotcher v. State, supra; Dickerson v. State, Tex.Civ.App., 169 S.W.2d 1005, reversed by Supreme Court on other grounds, 141 Tex. 475, 174 S.W.2d 244. But an *immunity from liability* is not here involved. The City is not being sued and there is no attempt being made to fix *liability* against appellee. An immunity from *liability* enjoyed by the municipality cannot be extended to abolish defenses of a litigant who has been sued by it. Appellee voluntarily commenced this suit seeking damages against appellant. The application of the "immunity" doctrine here is unnecessary because there is no liability sought *against* the City and the latter therefore needs no "immunity" from *liability*. We do not believe appellee is entitled to avoid the bar of contributory negligence when it has become a voluntary suitor seeking damages against another. The protection afforded municipalities through an immunity from liability while exercising governmental functions does not extend to shielding them from the defense of contributory negligence when urged by the adversary. When the City has voluntarily become the litigant seeking damages, it should not be immune from the defense urged here by appellant. No person, including a municipality, should be permitted to profit by its own dereliction of duty. To deny appellant's defense of contributory negligence in this case would be affording to the City a shield unjustified and unnecessary to amply protect it in its immunity from liability when sued.

So far as we have been able to determine, there is no reported case in Texas directly involving the question insofar as a municipality is concerned. However, the above principle has been applied in Texas in a case where the State of Texas urged the contention here made by appellee. State v. Dickey, 158 S.W.2d 844 (Tex.Civ.App.) 1942, writ ref. for want of merit. This was a case in which the governmental authority, the State in this instance, sued for damage to its property, a bridge, caused by defendant's negligence. The court discusses the matter of contributory negligence as follows:

"The first point relied upon by the State was alleged error of the court in refusing to sustain plaintiff's special exception to defendants' plea of contributory negligence. We think there is no merit in the contention. * * * In this case the State voluntarily made itself a party litigant and sought relief through the courts. It thereby subjected itself to all of the rules of procedure applicable to individuals similarly situated. State v. Elliott, Tex. Civ.App., 212 S.W. 695, writ of error refused. It is the settled policy of our law that contributory negligence by a plaintiff, proximately causing the thing complained of, will preclude a recovery even though it be found that the defendant's negligence likewise proximately caused the injury. This established rule comports with both common sense and equity. No person should be permitted by a court to profit by his own dereliction of duty to another. 30 Tex.Jur., page 756, section 89. (Now 40 Tex.Jur.2d, p. 602, section 96.) We know of no rule of law by which the State would be immune from the general principles announced, under the circumstances involved here. The State is entitled to each and every right vouchsafed to any and all litigants, no more and no less. If upon another trial, evidence of probative force can be adduced tending to show that the State was negligent in maintaining the bridge in a safe condition for use by those invited to use it, it will be proper for the trial court to submit that phase of the case to the jury."

The court found no competent evidence of contributory negligence in the record before it. But its approach intimates an attitude that would allow negligence of a municipal corporation contributing to an accident to bar recovery by the municipality even though it was not an authorized recovery against the municipality, because of the governmental function doctrine.

Another Texas case, City of Dallas v. Dickson (memorandum decision September 26, 1947, a copy of which was obtained from the Dallas Court of Civil Appeals with the briefs of appellant and appellee) presented the problem more squarely. The City of Dallas brought suit against a motorist for the value of its Magnolia tree, alleging that he had negligently knocked it down. The tree was located in a parkway in the center of a boulevard, and the negligence relied on consisted of defendant's driving to the left side of the parkway in an alleged violation of statute and ordinance; because of an oncoming truck, defendant had to turn onto the parkway to avoid collision, and in so doing he struck the tree. One of the defensive pleas was that the City was contributorily negligent in failing to have any sign at the beginning of the divided boulevard directing traffic to keep to the right of the parkway. Evidence was introduced by defendant to show that the accident occurred on a dark and rainy night; at the intersection where the parkway began was complex and confusing, particularly to one who, like defendant, was a stranger to Dallas; and other drivers were frequently confused and entered the left roadway of the boulevard. The jury found that, in the light of all the circumstances, defendant was not negligent, but that the plaintiff, City of Dallas, was negligent in failing to have a directional traffic sign at the entrance of the divided boulevard, such negligence being a proximate cause of the damage. The trial court entered judgment for defendant on this verdict, and the City appealed.

The City, on appeal, contended that defendant was negligent as a matter of law,

and that the City could not be held negligent so as to bar its recovery because the direction of traffic and erection and maintenance of traffic signs were governmental functions. Dickson maintained that even if his conduct was a technical violation of statute or ordinance, such as would usually be negligence per se, there were sufficient unusual exculpatory circumstances as to justify his acts and prevent them from constituting negligence in this particular case. He further contended that the City's negligence contributing to its own damage could bar recovery by it, even though such negligence would not support recovery against the City, because of the immunity given under the governmental function doctrine.

The Dallas Court of Civil Appeals delivered the following memorandum opinion, per curiam:

"All points presenting error have been carefully considered and are overruled. This is an appeal from Dallas County Court at Law No. 2 and in view of an affirmance, a written opinion is not required. Western Life Ins. Co. v. Alcorn [Tex.Civ.App.], 153 S.W.2d 868.

"As grounds for above disposition, reference is made to appellee's statement, authorities and argument in support of his second and fourth counterpoints.

"Affirmed."

The second and fourth counterpoints referred to are the points mentioned above, that circumstances could excuse a technical violation of law, and that the City could be barred by its contributory negligence, even in connection with a governmental function.

Appellee contends that the case of Dickerson v. State, supra, overruled the Dickey case insofar as it applies to the instant case. In the Dickerson case the State was defendant and not plaintiff as in the case before

us and the contention there was that the cause of action asserted was one sounding in tort, for which the State was not liable. The question we are confronted with in the case at bar was not presented in the Dickerson case.

In the case of State v. Cloudt, 84 S.W. 415 (Tex.Civ.App.) 1904, writ ref., the court held:

"* * * When a state appears as a party to a suit, she voluntarily casts off the robes of her sovereignty, and stands before the bar of a court of her own creation in the same attitude as an individual litigant; and her rights are determined and fixed by the same principles of law and equity, and a judgment for or against her must be given the same effect as would have been given it had it been rendered in a case between private individuals." See State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707, 1943.

In the case of State v. Patterson, 14 Tex. Civ.App. 465, 37 S.W. 478, 1896, no writ hist., the court said:

"* * * Before entering upon this consideration, we will remark that when a state appears before a judicial tribunal, though it may be a creature of her sovereign authority, she appears as a suitor, and not in her sovereign capacity, and, as any other litigant, can only invoke such powers and jurisdiction as she has by her constitution and laws conferred upon the court before whom she has brought her action. For courts to recognize her in any other attitude, or draw a distinction in her favor against the humblest individual who appears before them, would be to stultify themselves, and subject their judges to the condemnation of the laws of the state in whose interest they sought to violate them. * * *"

Even though the precise question before us was not involved therein, we think the principle of law announced in the Patter-

son and Cloudt cases has some bearing on the application of the law to the instant case.

The District Court of Appeals of Florida, Department of Public Safety v. Parker, 161 So.2d 886, in discussing the question of whether the State is subject to the defense of contributory negligence in a negligence action instituted by the State in a local court said:

"Apparently the precise question before us on this appeal has not hitherto been passed upon by an appellate court of Florida, although in many decisions the courts of other jurisdictions have done so. Those decisions have been collated in an annotation in 1 A.L.R. 2d, pages 827–830 on the subject 'Contributory negligence as defense to action by state, United States, municipality, or other governmental unit.' The only cases cited therein in support of immunity from the defense of contributory negligence are two cases from New Jersey and one from Georgia. The leading case for this view is Mayor, etc., of City of Paterson v. Erie R. Co., 78 N.J.L. 592, 75 A. 922, 30 L.R.A.,N.S., 209 (1910)."

The Florida court then proceeded to discuss the decisions in other States on this question. The court in the Parker case further said:

"We, therefore, hold that, in order to present a proper image of justice, the state, as the creator of the laws, may be subjected to the defense of contributory negligence in a negligence action instituted by the state in a Florida court."

And the court continued:

"* * * We also hold that, although the plaintiff is a government entity, the defense of contributory negligence may be raised against it when it files an action for damages on account of negligence, * * *." See People v. Lang Transp. Corp., 43 Cal.App.2d

134, 110 P.2d 464 (1941), Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 3180.

In City of Kalamazoo v. Priest, 331 Mich. 43, 49 N.W.2d 52, the City sued for damages to its fire truck and for injuries to its firemen, allegedly caused by defendant's negligent operation of his automobile. The trial court directed a verdict for defendant on the ground of contributory negligence on the part of plaintiff's employee in the operation of the fire truck. The Supreme Court of Michigan made this statement:

"* * * Inasmuch as the statute has not relieved drivers of fire trucks from the same duties to maintain a lookout, to see and heed what is present to be seen, and, on the basis of such observation, to form a reasonable belief that it is safe to proceed, it follows inescapably that plaintiff's driver must likewise be held to have been guilty of contributory negligence as a matter of law, barring plaintiff's right to recovery. * * *" See Department of Highways v. Jones, La.App., 35 So. 2d 828; Department of Highways v. Fogleman, 210 La. 375, 27 So.2d 155; City of Baraboo v. Excelsior Creamery Co., 171 Wis. 242, 177 N.W. 36.

The State, it is said, by instituting suit submits its claim as a private litigant and subjects itself to all of the defenses available to such litigants. Frequently this and other similar pronouncements are accompanied by the shibboleth that sovereign immunity may be used as a shield but not as a sword. These are not reasons—they are simply statements of a conclusion. State of Oregon v. Shinkle, 231 Or. 528, 373 P. 2d 674, 1962.

The court in the case of the State of Oregon v. Shinkle, supra, said:

"* * * Here the state employs the machinery of justice to enforce a claim and yet it seeks to deny the defendant a defense which would be available to him as against any other plaintiff. There is an appearance of unfairness in the state's position—the spectacle of a participant in a contest rejecting the ordinary rules of the game by which others must play. Although the state's claim of immunity in such a case is logically no more unreasonable than where the state asserts its immunity as a defendant, the fact that the state initiates the proceeding puts the matter in a setting which runs counter to generally accepted notions of fair play. The state as the creator of laws should not present such an image of injustice."

We are not unmindful of the rule that has been referred to as the New Jersey rule as shown by cases such as City of Paterson v. Erie R. R. Co., 78 N.J.L. 592, 593, 75 A. 922, 30 L.R.A.,N.S., 209 (1910), and others.

The so called New Jersey rule has been criticized by various writers, Cowan, Reform in the Law of Torts, 14 Rutgers L. Rev. 356, 369 (1959); Comment, 14 Rutgers L.Rev. 211 (1959); Note, 15 Rutgers L.Rev. 98 (1960); 24 Tex.L.Rev. 227 (1946); 26 Tex.L.Rev. 510 (1948); Gruschow v. New Jersey State Highway Dept., 56 N.J.Super. 146, 152 A.2d 150 (1959); and the doctrine of immunity of municipalities has been in recent years relaxed in New Jersey. McAndrew v. Mularchuk, 33 N.J. 172, 162 A.2d 820, 88 A.L.R.2d 1313 (1960). Certainly the trend of modern authority is in the restriction of the immunity—not in an extension thereof.

However, we believe the principle enunciated in the case of State v. Dickey, supra, appears to be sound and a better reasoned authority. The Paterson case is the leading case supporting the contention of appellee. The view expressed in the Paterson case has been criticized. State of Oregon v. Shinkle, supra. A note to the Paterson case in 30 L.R.A.,N.S., 209 (1911) takes issue

with the court's logic. The contents of the note in part are as follows:

"It is true that many of the decisions exonerating a municipality from responsibility for negligent injury inflicted by its agent upon a third person are apparently referred to the proposition that the doctrine of *respondeat superior* or of imputed negligence does not apply where the agent is performing one of the public functions of the municipality. This formula serves well enough the practical purposes of such a case, but it does not reflect the real reason for the municipality's immunity, and is misleading when used, as in [City of] Paterson v. Erie R. Co., as the basis for an inference that the contributory negligence of the agent will not prevent a recovery by the municipality against a third person.

"* * *

"In this view the premise assumed by the court, namely, that the negligence of the driver of the fire engine was not imputable to the municipality, and the conclusion based thereon that such negligence would not preclude a recovery by the municipality against the railroad, are left without any substantial foundation. It is a long step from the assumed nonliability of tthe municipality for an injury inflicted upon a third person by the negligence of the driver of the fire engine, to the liability of the railroad company to the municipality for injury to its property notwithstanding the negligence of the driver to whose care it was entrusted. The question deserves more consideration than the court in the reported case appears to have given to it."

A discussion of the question before us may be found in Vol. 24, Texas Law Review, page 227 and Vol. 26, Texas Law Review, page 510.

The view we adopt here appears to be not only the Texas view, but is the ma-jority view of the courts that have passed upon the question. 1 A.L.R.2d 828; City of Newark v. United States, 3 Cir., 254 F. 2d 93 (1958); State of Oregon v. Shinkle, supra. We hold that the immunity of a municipal corporation from liability for negligence in connection with any public or governmental activity should not be extended to shield such municipality from its contributory negligence in its own suit against a private defendant. We believe the view we have taken on the question presented reaches a sound and just result and does no violence to the "immunity from liability" to which appellee is entitled.

In view of the disposition we have made of this case under appellant's point 1, it is unnecessary to pass upon the other points of error assigned by appellant.

Judgment reversed and rendered for appellant.