28

The Department of Public Works and Buildings, for and in behalf of The People of the State of Illinois, Plaintiff-Appellant, *v.* Decatur Seaway Motor Express Company, Defendant-Appellee.

(No. 54500;

First District—March 30, 1972.

William J. Scott, Attorney General, of Springfield, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (D. Kendall Griffith and Dennis J. Horan, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff filed suit against defendant for property damage to a bridge structure on an expressway caused when the bridge was struck by defendant's truck. After all the evidence had been presented, the trial judge directed the jury to find in favor of defendant, and entered judgment on the verdict. On appeal, plaintiff contends that the court erred in granting defendant's motion for a directed verdict, and that the court committed reversible error in permitting a certain witness to testify on behalf of defendant.

On April 24, 1960, while driving a truck-tractor and trailer loaded with a steel rack, Jerry Multhautt entered the Illinois toll road. The steel rack was 28 feet long and approximately 10 feet high. When the truck was driven under the Calumet expressway overpass, the top of the steel rack collided with the overhead bridge. The rack was destroyed, and the bridge was damaged. The bridge in question was 14 feet 3 or 4 inches high; the other bridges on the tollway were all 6 inches higher. At the time of the accident, the driver had in his possession a special hauling permit for overdimension vehicles. This permit to use the tollway, which was introduced into evidence by plaintiff, had been given to the driver

by a tollway employee earlier upon the payment of the proper fees. The permit was executed by the State employee; it described the truck, its equipment, and characterized the truck as 14 feet high.

Multhautt testified that at the first tollgate he came to in Illinois he informed the attendant that his load was over 12 feet high and that he probably would need an oversize permit. The toll clerk told him to drive the vehicle over to the side of the road. The clerk, along with another State employee, measured the height of the load, and informed the driver that the load was 14 feet from the pavement. The clerk completed the permit form, and on it indicated that the load was 14 feet high. The driver then asked if there were any obstructions he could not clear between the tollgate and the Indiana state line. He was informed that he would have clear sailing with that load. Multhautt testified that he lived in Ohio and that he was the owner-operator of a truck. He also owned the trailer. He ordinarily was on the road during the week, but tried to be at home on weekends.

There was a similar accident the year before, involving the same bridge. Following the earlier accident, the Department of Public Works advised the Tollroad Authority of the difference in the height of the bridges and requested that permits not be issued to vehicles which could not clear the lowest bridges. Multhautt testified that there were no signs warning about the height of the bridge. At the time of trial, signs were up. Three State employees testified that they believed that the signs were put up before this accident. On cross-examination, one of the three stated that the signs may have been put up as the result of the instant accident.

■■ We consider first plaintiff's argument that the court erred in granting defendant's motion for a directed verdict. In *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, the court held that a party is entitled to a directed verdict when all of the evidence, viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.

■■ In the instant case, all of the evidence overwhelmingly establishes that plaintiff, through the actions of its employees, was guilty of contributory negligence, and thus not entitled to recover. State employees gave a special overdimension permit to the truck driver. The permit was given after the employees had measured the truck and recorded it at 14 feet high. At the same time the State employees gave the permit to the driver, one of the employees assured him that he would be able to clear all bridges to the Indiana state line. The bridge in question was at least 14 feet 3 inches high. Obviously, the State employees inaccurately

measured the height of the truck with its load. Clearly, the inaccurate measurement constituted contributory negligence, barring recovery. The testimony of the State employees that warning signs were up as to the height of the instant bridge prior to this accident was immaterial as to the issue of contributory negligence.

■■■ Plaintiff, however, argues that it was not guilty of contributory negligence because the State cannot be bound by statements of admissions made by its employees or agents. The State is not bound by the representations of its employees regarding what the law is. (*Hughes v. Illinois Public Aid Commission,* 2 Ill.2d 374, 118 N.E.2d 14.) However, when the State brings an action to recover for damages to property, it stands in the same position as to rights and remedies as any other litigant. (*People v. Condon,* 102 Ill.App. 449.) Freedom from contributory negligence is not based upon an estoppel theory, but is an element which must be pleaded and proved by plaintiff in a negligence action, even when plaintiff is a governmental body. (*Dee v. City of Peru,* 343 Ill. 36, 174 N.E. 901.) The trial court did not err in directing a verdict in favor of defendant.

Plaintiff also contends that the trial judge abused his discretion in permitting the truck driver, Jerry Multhautt, to testify because he was not produced for deposition pursuant to notice on defendant to do so. An examination of the record does not support plaintiff's contention.

■■ Plaintiff gave notice to defendant to produce the driver for deposition on April 16, 1969. Supreme Court Rule 204 requires parties or their employees to appear for deposition upon notice, but all other witnesses must be subpoenaed. Although at trial defendant contested the fact, for the purpose of this argument, we will assume that Multhautt was an employee of defendant at the time of the accident in 1960. It is clear, however, that at the time of notice of deposition in 1969 and for some time before, Multhautt was self-employed and not in defendant's employ. Consequently, he was available to either party by subpoena, and defendant was under no obligation to produce him for deposition.

Defendant, however, did not attempt to take advantage of that fact or argue that the notice of deposition was invalid. When the case was assigned for trial on Friday afternoon, May 2, 1969, defense counsel informed the court and plaintiff that he was unable to locate Multhautt. On the following Monday morning, still prior to commencement of trial, defense counsel stated that he located Multhautt over the weekend and he was available for deposition. The court at that time offered to recess the case until the following day to enable plaintiff to take Multhautt's deposition. Counsel for plaintiff did not seek a continuance, nor did he then ask for Multhautt's deposition. The trial began; plaintiff rested its

case on Wednesday afternoon May 7, and the court recessed until the following day. On the next afternoon, May 8, defendant called the driver as a witness, and plaintiff objected on the grounds that the witness had not been submitted for deposition. The judge again offered to recess the trial to enable plaintiff to take the deposition, but plaintiff's counsel declined the offer and persisted in his objection to the driver being allowed to testify. The judge overruled the objection and permitted the driver to testify.

■■■ Supreme Court Rule 219(c) permits a trial judge to impose sanctions if any party unreasonably refuses to comply with discovery rules. Appropriate sanctions, if any, to be employed by the trial court for failure of a party to comply with discovery rules are within the discretion of the trial court. (See *Ferraro v. Augustine*, 45 Ill.App.2d 295, 196 N.E.2d 16.) One of the sanctions which may be imposed by the judge is that a witness may be barred from testifying. The instant record contains absolutely no evidence that defendant violated any discovery rule, or refused in any manner to comply with such rules. Thus no sanctions were required. Even if plaintiff had demonstrated a violation of the discovery rules on the part of defendant, barring the driver's testimony would have been an inappropriate sanction in the instant case. Multhautt was not a surprise witness. Moreover, plaintiff had several days' opportunity in which to take the driver's deposition, and would have had ample time to take whatever steps it believed necessary as a result of his deposition testimony. The trial judge, both prior to the commencement of trial and again during trial, offered to recess to afford plaintiff the opportunity to take Multhautt's deposition. The trial court did not abuse its discretion in permitting the truck driver to testify.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.