GALLAGHER BASSETT SERVICES, as Subrogee of Elk Grove Village, Plaintiff-Appellee, v. DONALD MIGGINS, Defendant-Appellant.

Second District   No. 2—03—0357

Opinion filed March 29, 2004.

Suzanne M. Don De'Ville and Allen S. Kirsh, both of Grant, Ross, Fanning & Pittman, of Chicago, for appellant.

Ryan J. Harrington, of Kuhn, Mitchell, Moss, Mork & Lechowicz, L.L.C., of Naperville, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

In this appeal, we are asked to determine whether, in an action brought by a municipality's subrogee for damage to an emergency vehicle, section 5—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/5—106 (West 2000)) immunizes the municipality from the defense of comparative negligence. We hold that it does not.

■ Plaintiff, Gallagher Bassett Services, as subrogee of Elk Grove Village (Village), filed a complaint alleging that on February 24, 2000, a Village ambulance was responding to an emergency call when it was struck by a truck driven by defendant, Donald Miggins. Plaintiff sought compensation for damage to the subrogor's ambulance. Defendant filed an affirmative defense asking the trial court to reduce his contribution in whole or in part due to plaintiff's contributory fault in causing the accident. See 735 ILCS 5/2—1116 (West 2000). Plaintiff denied the allegations of the affirmative defense and asserted that it was immune from such a defense under section 5—106 of the

Tort Immunity Act. See *Dix Mutual Insurance Co. v. LaFramboise*, 149 Ill. 2d 314, 319 (1992) ("One who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights which the latter could enforce"). The trial court entered judgment for plaintiff, ruling that the Tort Immunity Act barred defendant from asserting a defense based on contributory fault. The trial court denied defendant's post-trial motions, and defendant timely appealed.

■ On appeal, defendant argues that the trial court erred in ruling that section 5—106 barred his defense of contributory fault. Section 5—106 provides:

> "Except for willful or wanton conduct, neither a local public entity, nor a public employee acting within the scope of his employment, is liable for an injury caused by the negligent operation of a motor vehicle or firefighting or rescue equipment, when responding to an emergency call, including transportation of a person to a medical facility." 745 ILCS 10/5—106 (West 2000).

The parties do not dispute that the ambulance was responding to an emergency call when the collision occurred.

■ The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 507 (2003). The best indication of that intent is the statute's language. *Carver*, 203 Ill. 2d at 507. However, even if the statute's language is unambiguous, courts should also consider the statutory statements of purpose. See *Primeco Personal Communications, L.P. v. Illinois Commerce Comm'n*, 196 Ill. 2d 70, 86-88 (2001). Courts must consider the reason for the law, the evil to be remedied, and the object to be obtained by the statute. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund of Chicago*, 155 Ill. 2d 103, 111 (1993). We will presume that in enacting the statute, the legislature did not intend absurdity, inconvenience, or injustice. *Carver*, 203 Ill. 2d at 508. Statutory construction is a question of law, so our review is *de novo*. *Carver*, 203 Ill. 2d at 506-07.

■ After reviewing the plain language of section 5—106, we conclude that the immunities granted in that statute apply only in those situations where a party seeks damages from a local public entity or its employee. The statute provides that a public entity and its employees are not "liable for an injury caused by the negligent operation of a motor vehicle or firefighting or rescue equipment" when responding to an emergency call. 745 ILCS 10/5—106 (West 2000). In this case, defendant does not seek to impose liability upon the Village for an injury caused by the negligent operation of a motor vehicle. Instead, defendant has raised the affirmative defense of

comparative negligence in an attempt to reduce plaintiff's recovery proportionate to plaintiff's comparative negligence. Defendant is not pursuing damages, and his affirmative defense would not ultimately subject plaintiff to any liability, but, at most, would reduce or eliminate his own liability. The Tort Immunity Act must be strictly construed against the public entity as its immunities are in derogation of the common law. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003). Construing the plain language of the statute strictly against the Village, we hold that the immunities granted in section 5—106 do not apply to bar a comparative negligence defense when the public entity has initiated judicial proceedings to recover damages for its own injury. Indeed, a contrary interpretation would allow the unjust result of a municipality recovering damages in full even when the damages were 99% the fault of its employee and 1% the fault of the defendant.

Our conclusion is bolstered by the legislative intent expressed in the Tort Immunity Act's statements of purpose. The Tort Immunity Act states that its purpose "is to protect local public entities and public employees from liability arising from the operation of government. It grants only immunities and defenses." 745 ILCS 10/1—101.1 (West 2000). The Act does not affect "the right to obtain relief other than damages against a local public entity or public employee." 745 ILCS 10/2—101 (West 2000). Such legislative expressions of intent clearly demonstrate that the purpose of the Tort Immunity Act is to limit the amount of public money spent to satisfy damages awarded in tort cases. See *Van Meter*, 207 Ill. 2d at 368 (noting that the legislature's intent in enacting the Tort Immunity Act was "to prevent the dissipation of public funds on damage awards in tort cases"). This goal would not be furthered by prohibiting defendant from using a comparative fault defense. Rather, the legislature plainly intended that the reach of the Tort Immunity Act would be limited to protecting public entities from liability; the legislation was not intended to affect a defendant's right to obtain relief other than damages. 745 ILCS 10/2—101 (West 2000).

While our conclusion is based upon the plain language of section 5—106, we note that our holding is consistent with other cases that limit the government's immunity when the government seeks to recover damages. In *Department of Public Works & Buildings v. Decatur Seaway Motor Express Co.*, 5 Ill. App. 3d 28 (1972), the Department of Public Works sued the defendant for bridge damage allegedly caused by the defendant's negligence. The evidence showed that the Department was guilty of contributory negligence through its employees' actions. The trial court granted the defendant a directed verdict. *Decatur Seaway Motor Express Co.*, 5 Ill. App. 3d at 29-30. On

appeal, the Department argued that it was not subject to a defense of contributory fault because it was not bound by statements made by its employees. The appellate court disagreed, stating that "when the State brings an action to recover for damages to property, it stands in the same position as to rights and remedies as any other litigant." *Decatur Seaway Motor Express Co.*, 5 Ill. App. 3d at 31. Cases from other states have reached similar results. See *City of Kalamazoo v. Priest*, 331 Mich. 43, 49 N.W.2d 52 (1951) (contributory negligence defense allowed when municipality sought damages for injuries to firemen and fire truck); *Faulk v. City of Tyler*, 389 S.W.2d 706 (Tex. Civ. App. 1965) (contributory negligence of municipality's police officer available as a defense in property damage action brought by municipality). But *cf., Mayor & Aldermen of the City of Paterson v. Erie R.R. Co.*, 78 N.J.L. 592, 75 A. 922 (1910) (city's action for damages to fire truck not barred by city employee's contributory negligence in driving fire truck).

In reaching our holding, we reject plaintiff's assertions that, because the immunities provided by the Tort Immunity Act prevail over the right to contribution under the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/0.01 *et seq.* (West 2002)), they should likewise trump the defense of contributory fault. In *Buell v. Oakland Fire Protection District Board*, 237 Ill. App. 3d 940, 943 (1992), the appellate court held that the immunities of section 5—106 prevailed over the defendant's Contribution Act claim against a local public entity. Plaintiff argues that in both *Buell* and the instant case, the defendants sought to have some of their liability apportioned to the local government entities. We find *Buell* distinguishable. If the protections of the Tort Immunity Act were not available to a municipality in a contribution action against it, the municipality could be required to pay damages. In contrast, if a comparative fault defense is allowed when a municipality has brought suit, the municipality's potential award may be reduced, but the municipality will not be required to pay damages. Therefore, it is not inconsistent to hold that section 5—106 does not preclude the defense of comparative fault when the municipality seeks to recover damages, even though the municipality can use the statute as a defense against a claim brought under the Contribution Act.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for a new trial during which defendant may assert the defense of comparative negligence.

Reversed and remanded.

McLAREN and BOWMAN, JJ., concur.